Dye, J.
Defendant-appellant was convicted and fined $25, which he paid, and sentenced to three months’ imprisonment, Which was suspended, after trial in the City Court of Dunkirk on an information which charged violation of City Ordinance, chapter XVIII (§ 10) in: “ That on or about the 21st day of June, 1957, in the City of Dunkirk, Chautauqua County, N. Y., the said defendant did willfully, wrongfully, unlawfully and knowingly loiter on Third St. on the sidewalk in front of Park Ave. Hotel with about twelve (12) other persons. Defendant was ordered to move on three (3) times and he did refuse each time.”
The Dunkirk City Ordinance in question consists of 19 numbered sections with a variety of prohibited acts and omissions. Insofar as pertinent, it provides: “ chapter XVIII — disorderly conduct * * ■* § 10. No person shall lounge or loiter about any street or street corner in the City of Dunkirk,” This prohibitory language is being challenged as being too vague, indefinite and uncertain to define a crime, as well as failing to provide any standards or criteria by which the prohibited conduct may be tested. We regard such challenge as fatal on both counts.
It is the rule that for validity a criminal statute must be informative on its face (People v. Firth, 3 N Y 2d 472) and so explicit that “ all men subject to their penalties may know what acts it is their duty to avoid” (United States v. Brewer, 139 U. S. 278, 288; People v. Vetri, 309 N. Y. 401). While the term “ loiter ” or “ loitering ” has by long usage acquired a common and accepted meaning (People v. Bell, 306 N. Y. 110), it does not follow that by itself, and without more, such term is enough to inform a citizen of its criminal implications and, by the same token, leave it open to arbitrary enforcement. These fatal defects are best illustrated by the very facts of this case. Except for minor details, it is substantially undisputed that, at about *471 noontime, on the day in question, two members of the Dunkirk Police force, while on motor patrol, saw about 13 persons standing on the Third Street sidewalk in the vicinity of the Park Avenue Hotel. They ordered them to move on with the comment 1 ‘ There are too many of you here ’ ’. All moved on except defendant who refused, and was thereupon placed under arrest and taken to the station house. At the trial the defendant, who does not understand or speak the English language, testified through an interpreter that at the time and place he was on his way home from a neighborhood grocery when he met Casimiro Gonzales, a Field Representative of the Labor Department, Migrant Division, of the Commonwealth of Puerto Rico, who was in Dunkirk on that day in the course of his official duties to assist and advise migrant workers, such as this defendant, with their personal work and social problems. While the defendant was talking with Gonzales in Spanish about a migrant problem, altogether “ two or three ” minutes, the incident just described took place. Gonzales also testified and corroborated the defendant’s version of the affair.
Whenever a conviction for loitering has been upheld, it is because the statute uses the term “ loiter ” or “ loitering ” to point up the prohibited act, either actual or threatened. For instance, under the Penal Law loitering is deemed “ disorderly conduct ” whenever “ Any person * * * with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned * * * Congregates with bthers on a public street and refuses to move on * * * Frequents or loiters about any public place soliciting men ” (Penal Law, § 722, subds. 3, 8). When a statute is so framed, the term “ loiter ” or “ loitering ” takes on significance as a prohibited act, in the violation of which a crime is deemed committed (cf. People v. Hussock, 6 Misc 2d 182, cert. denied 312 U. S. 659 and convictions had thereunder have been upheld (cf. People v. Galpern, 259 N. Y. 279; People v. Gaskin, 306 N. Y. 837).
The Dunkirk Ordinance makes no distinction between conduct calculated to harm and that which is essentially innocent. In order to obtain a conviction, under the generality of section 10, the People may not supply such deficiency by reference to other unrelated enactments and the favorable rulings in cases arising thereunder.
*472 . The judgment of conviction should he reversed, the information dismissed and the fine remitted.
Chief Judge Conway and Judges Desmond, Fuld, Froessel, Van Voorhis and Burke concur.
Judgments reversed, the information dismissed and the fine remitted.