Argued December 16, 1970, reversed and remanded
January 7, 1971

STATE OF OREGON (Nos. 98202 and 98205),
*Appellant, v.* ALLAN JAMES SAMTER,
*Respondent,* STATE OF OREGON (Nos.
98203 and 98204), *Appellant, v.* NILA
ROSEMARIE SAMTER,
*Respondent.*
479 P2d 237

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*James H. Anderson,* Eugene, argued the cause for respondents. With him on the brief were George B. Woodrich and Thompson, Mumford & Woodrich, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY, BRANCH-FIELD,* and HOLMAN, Judges.

HOLMAN, J. (Pro Tempore.)

Each defendant was charged with two separate violations of ORS 163.650 which provides:

> "Any person, not being a parent of the child, who knowingly and wilfully *cruelly mistreats and maltreats* a child under the age of 16 years, shall be punished * * *." (Emphasis ours.)

Each indictment contained three identical counts of cruel mistreatment and maltreatment. They were:

> ■ Requiring a child to stand naked at night in near freezing temperatures while being sprayed with water from a garden hose;

---

* Branchfield, J., did not participate in this decision.

■ Beating him with a wooden paddle while naked;

■ Requiring him to smoke and swallow tobacco until he became ill.

Defendants challenged the indictments by demurrer, contending that the indictments did not state facts sufficient to constitute a crime because the statute upon which the charges were based is unconstitutional upon its face. The basis for the contention of unconstitutionality was that the statute is void for vagueness and fails to meet the due process requirement of the 14th Amendment to the Constitution of the United States. The trial court sustained the demurrer and dismissed the charges. The state appealed.

Defendants base their position that the statute is unconstitutional upon *Giaccio v. Pennsylvania*, 382 US 399, 86 S Ct 518, 15 L Ed 2d 447 (1969); *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969); and *Coon v. Cupp*, 90 Adv Sh 767, 2 Or App 114, 467 P2d 140 (1970). *Giaccio* lays down the following rule:

> "It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." 382 US at 402-03.

This rule was recognized by the Supreme Court of this state in *Hodges*, when it held that portion of the statute① relating to contributing to the delinquency of a minor to be void for vagueness which prohibited "* * * any act which manifestly tends to cause any child to become a delinquent child * * *." The thrust

---

① ORS 163.650.

of *Hodges* was that the causes of delinquency are so broad and so uncertain and so subject to disagreement that it allowed the forces of government too great leeway in choosing the conduct for which persons might be prosecuted and convicted. *Coon v. Cupp, supra.*

In the present statute, we do not have any problem of causation. We do have a problem in deciding whether "cruel mistreatment and maltreatment" is such an indefinite and poorly understood description of the conduct prohibited that the public, judges and jurors would not know whether certain actions are likely to come within the prohibition or not. It is virtually impossible to draw a prohibitionary statute under which it may be determined in advance by everyone, with absolute exactitude in all possible factual circumstances, whether specific conduct will be treated as a violation or not. Therefore, whether a statute is void for vagueness is a matter of degree. This was recognized by the opinion in *Hodges* when the following language was used:

> "Whether a statute challenged on the ground of vagueness is void on its face or reasonably lends itself to a construction limiting its application to an identifiable factual situation that will save its constitutionality is a question of degree * * *." 457 P2d 491 at 493.

■ The fact that a criminal statute uses general language to categorize and proscribe a variety of specific acts does not necessarily render a statute void for vagueness. *State of Oregon v. Wojahn*, 204 Or 84, 137, 282 P2d 675 (1955). The determinative factor is whether there is a reasonable degree of common understanding of what is encompassed within the general terms of prohibition.

■ The words "mistreat" and "maltreat" are synonymous. They mean to treat badly or to abuse another.[2] In the statute under consideration, these words are modified by the word "cruelly," which means to cause pain or hurt.[3] These are all words of general or common usage and about which there is no great dispute as to meaning. It may be that in every instance not all persons would agree whether certain specified conduct was sufficiently beyond the normal to constitute cruel mistreatment. However, there would be no misunderstanding of the nature of the yardstick being applied.

"* * * However, the standard need not be defined with such precision that those affected by it will never be required to hazard their freedom upon correctly foreseeing the manner in which a matter of degree may be resolved by a jury * * *." 204 Or 84 at 137.

"Cruel mistreatment" is no less definite than many other terms, such as "negligent" and "threaten," which are commonly used in our criminal statutes to describe prohibited conduct. There is little dispute as to the general kind of conduct prohibited, but there can be legitimate controversy concerning whether particular acts are aggravated enough to fall within the prohibition.

■ It is our opinion that the standard set by the statute in question is sufficiently definite to meet the constitutional requirement. The judgment of the trial court is reversed and the case is remanded for further proceedings.

---

[2] Webster's Third New International Dictionary (Unabridged 1963).
[3] Ibid.