Rockingham,
No. 5948.

### STATE *v.* JAMES S. HUDSON.

February 26, 1971.

*George S. Pappagianis,* Attorney General, *W. Michael Dunn,* Assistant Attorney General, and *Judith D. Mulligan,* Attorney ( *Mr. Dunn* orally ), for the State.

*Robert R. Renfro* ( by brief and orally ), for the defendant.

PER CURIAM. The defendant appealed to the superior court following conviction and sentence in Portsmouth District Court on a criminal complaint charging that he committed the offense of " loitering " in Portsmouth on October 19, 1968 at approximately 1:35 A.M. by loitering " on the sidewalk on Market Square in front of . . . a place of worship " after having been warned by a policeman " not to loiter and stay on the . . . sidewalk " contrary to provisions of a Portsmouth ordinance. In the superior court the defendant moved to dismiss and quash the complaint upon the ground that the ordinance is unconstitutional and void on its face, and in violation of rights of personal liberty under the fourteenth amendment to the Constitution of the United States and article 15 part I of the Constitution of New Hampshire. The questions of law presented by the motion were reserved and transferred by *Keller,* J.

It is our opinion that the motion should be granted.

The Portsmouth ordinance adopted in September 1968 provides as follows: " Section 27-116.1 Loitering. No person, after being warned by a police officer, shall loiter on the sidewalks in the city in front of business establishments, public buildings or houses of worship, nor shall any person sit upon or lean a-

gainst the walls around residences in the city without obtaining the consent of the owner, occupant or person in control of such premises."

Decisions of the United States Supreme Court and courts of last resort of other jurisdictions establish that "loitering," of itself, cannot be made criminal; and this is so even after a police officer has requested an alleged offender to move on. *Shuttlesworth* v. *Birmingham,* 382 U.S. 87, 90, 15 L. Ed. 2d 176, 86 S. Ct. 211 ( 1965 ); *Commonwealth* v. *Carpenter,* 325 Mass. 519, 91 N.E.2d 666 ( 1950 ); *People* v. *Diaz,* 4 N.Y.2d 469, 151 N.E.2d 871 ( 1958 ); *City of Seattle* v. *Drew,* 70 Wash. 2d 405, 423 P.2d 522 ( 1967 ); *see* Annot., 25 A.L.R.3d 836 ( 1969 ); 4 Harv. Civ. Lib.-Civ. Rights L. Rev. 233, 275, 276, 318 ( 1969 ).

However enactments which forbid loitering so as to block free passage may be enforced without violation of the Constitution ( *Shuttlesworth* v. *Birmingham supra* ); and cities are authorized to enact ordinances regulating the use of streets and sidewalks. RSA 47:17 ( VII ) ( supp. ); *see Cox* v. *Louisiana,* 379 U.S. 536, 554, 558, 13 L. Ed. 2d 471, 484, 486, 85 S. Ct. 453, 464, 466 ( 1965 ).

The State urges that the Portsmouth ordinance should be sustained by implication of a requirement that the warning required by the ordinance is to be given only when free passage is obstructed, or the public safety is otherwise endangered. *See Cameron* v. *Johnson,* 390 U.S. 611, 20 L. Ed. 2d 182, 88 S. Ct. 1335 ( 1968 ); *Hunter* v. *Allen,* 422 F.2d 1158, 1160, 1167-168 ( 5th Cir. 1970 ); *Wright* v. *City of Montgomery, Alabama,* 406 F.2d 867, 875 ( 5th Cir. 1969 ), *petition for cert. filed,* 37 U.S.L.W. 3423 ( No. 1341, 1969 Term; renumbered No. 20, 1970 Term, 39 U.S.L.W. 3005 ). The difficulty with this position is that unlike the ordinances under consideration in *Shuttlesworth* and other cited cases, the Portsmouth ordinance contains no provision directed at loitering so "as to obstruct free passage . . . ." *Wright* v. *City of Montgomery, supra* at 875; *see People* v. *Diaz supra;* Annot., 65 A.L.R.2d 1152 ( 1959 ); *Bachellar* v. *Maryland,* 397 U.S. 564, 25 L. Ed. 2d 570, 90 S. Ct. 1312 ( 1970 ); *cf. Phifer* v. *Birmingham,* 42 Ala. App. 282, 160 So. 2d 898, 899 ( 1964 ).

While we recognize that the "presumptions favor the validity of ordinances and regulations adopted in the exercise of the po-

lice power pursuant to legislative authorization . . ." (*State* v. *Grant,* 107 N.H. 1, 3, 216 A.2d 790, 791 (1966); *State* v. *Cox*, 91 N.H. 137, 16 A.2d 508 (1940) *aff'd Cox* v. *New Hampshire,* 312 U.S. 569, 85 L. Ed. 2d 1049, 61 S. Ct. 762 (1941)) the Portsmouth ordinance furnishes no basis for the implication which the State suggests. Hence we consider that the ordinance must be taken to be invalid on its face, and we so hold.

*Complaint dismissed.*