STATE, Respondent, v. STARKS, Appellant.

*No. State 164.   Argued April 2, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 245.)

For the appellant there was a brief and oral argument by *William M. Coffey* of Milwaukee.

For the respondent the cause was argued by *William F. Eich,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J.   The appeal raises these two issues:

(1) Is sec. 947.02 (2), Stats., unconstitutional on its face; and

(2) Did the state fail to prove one of the elements of the crime?

We approach the issue of constitutionality mindful of the fundamental presumptions and rules of construction which run in favor of upholding a statute challenged on constitutional grounds. All legislative acts are presumed constitutional, and every presumption must be indulged to sustain the law if at all possible.[1] If any doubt exists, it must be resolved in favor of the constitutionality of a statute.[2]

When a statute is challenged as unconstitutional on its face, the court must make a logical and sensible construction in a reasonable sense.[3]

### Question of vagueness.

The most commonly accepted formula for determining whether a penal statute is too vague to give fair notice of what it prohibits is the one adopted by this court in *State v. Zwicker* (1969), 41 Wis. 2d 497, 507, 164 N. W. 2d 512:

" '. . . If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional.' "

Sec. 947.02 (2), Stats., defines a vagrant as:

"A person found in or loitering near any structure, vehicle or private grounds who is there without the consent of the owner and is unable to account for his presence; . . ."

While the appellant's attack is comprehensive in that each clause in the statute is alleged to be flawed by

---

[1] *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 415, 147 N. W. 2d 633.

[2] *State ex rel. Thomson v. Giessel* (1953), 265 Wis. 558, 564, 61 N. W. 2d 903.

[3] *State v. Hoebel* (1950), 256 Wis. 549, 41 N. W. 2d 865.

vagueness, it is nevertheless clear that the primary dispute revolves around the meaning of the word "loiter."

One line of cases which are relied upon by the state [4] concludes that the word "loiter" presents no problem of definition. These cases hold that everyone knows that the word "loiter" when used in its common and ordinary sense describes not simply one who stands, lingers or idles about but also one who stands, lingers or idles with some criminal purpose in mind. These cases hold that one whose physical conduct constitutes loitering is nevertheless not a loiterer within the ordinary meaning of the word, unless, in addition to such physical conduct, the loiterer is also harboring some criminal intent. These cases go on to hold that the word "loiter" is not impermissively vague because everyone understands that it invariably carries the connotation of criminality.

There is a second line of cases relied on by the appellant.[5] These cases hold that in common and ordinary usage the word "loiter" has no sinister meaning and implies no intent to engage in criminal misconduct. The cases in this second series note that lay, as well as law, dictionaries contain no reference to the criminal connotation which the first series of cases contends is attached to the word "loiter." In *Seattle v. Drew, supra,* at page 409, the following definitions were noted:

"Merriam-Webster Third New International Dictionary (1961) defines 'loiter' as

---

[4] *Phillips v. Municipal Court* (1938), 24 Cal. App. 2d 453, 75 Pac. 2d 548; *People v. Merolla* (1961), 9 N. Y. 2d 62, 172 N. E. 2d 541; *Tinsley v. Richmond* (1961), 202 Va. 707, 119 S. E. 2d 488; *State v. McCorvey* (1962), 262 Minn. 361, 114 N. W. 2d 703; *Anderson v. Shaver* (D. C. New Mex. 1968), 290 Fed. Supp. 920.

[5] *Shuttlesworth v. Birmingham* (1965), 382 U. S. 87, 86 Sup. Ct. 211, 15 L. Ed. 2d 176; *Seattle v. Drew* (1967), 70 Wash. 2d 405, 423 Pac. 2d 522; *Scott v. District Attorney* (E. D. C. La. 1970), 309 Fed. Supp. 833; *State v. Caez* (1963), 81 N. J. Super. 315, 195 Atl. 2d 496; *People v. Diaz* (1958), 4 N. Y. 2d 469, 151 N. E. 2d 871.

"fritter away time . . . be . . . unduly slow in doing something . . . remain in or near a place in an idle or apparently idle manner and 'wander' as to move about without a fixed course, aim, or goal . . . .".

"Black, Law Dictionary (4th ed. 1951) defines 'loiter' as:

"To be dilatory; to be slow in movement; to stand around or move slowly about; to stand idly around; to spend time idly; to saunter; to delay; to idle; to linger; to lag behind."

The cases finding no criminal connotation to the word "loiter" conclude that statutes using that word are unconstitutional because they are so vague as to fail to give fair notice of what is and what is not prohibited by their terms. These cases hold that a statute which fails to give fair notice of what it prohibits is simply not a valid law.

There is a conflict among the authorities insofar as the meaning of the word "loitering" is concerned, but that conflict is explained when one reads the remaining portions of statutes which the cases discussed above have construed.

The following cases cited by appellant contain examples of the kind of statute which is consistently found to be unconstitutional:

(1) *Seattle v. Drew, supra.* It shall be unlawful for any person wandering or loitering abroad after dark to fail to give a satisfactory account of himself upon demand by any police officer;

(2) *People v. Diaz, supra.* No person shall lounge or loiter about any street or street corner in the city; and

(3) *Scott v. District Attorney, supra.* A vagrant is anyone found in or near any structure, vessel or private grounds without being able to account for his lawful presence.[6]

---

[6] The above statutes are paraphrased.

A comparison of the above statutes with the following examples from the cases relied on by the state reveals that statutes which have been sustained have been limited in scope, directed at preventing specific conduct, and with fair warning:

(1) *Phillips v. Municipal Court, supra.* A vagrant is anyone who loiters about a school or any place where school children are present;

(2) *People v. Merolla, supra.* No person shall loiter on any vessel, dock or other waterfront facility;

(3) *State v. McCorvey, supra.* A prostitute is guilty of vagrancy if found loitering in any saloon or other place where intoxicating liquors are sold; and

(4) *Anderson v. Shaver, supra.* A vagrant is anyone who loiters about on any public, private or parochial school grounds.

When the wording of the above statutes is compared with sec. 947.02 (2), Stats., it is apparent that Wisconsin's vagrancy law falls into that category of statute which has almost invariably been found to be unconstitutionally vague. The state has not cited a single recent case in which a statute as vague and broadly worded as sec. 947.02 (2) was upheld. The state's cases involve statutes which name with specificity and particularity the locations where loitering may not occur. Wisconsin's statute does not do that.

We think sec. 947.02 (2), Stats., fails to meet the specificity requirements as to scope, place or purpose. Therefore, the use of the term "loitering" in sec. 947.02 (2) renders the statute vague as it fails to provide fair notice of the proscribed conduct, it classifies innocent conduct as criminal, and it is susceptible to arbitrary law enforcement.

We encounter difficulty not only with "loitering" but equally with the mandate of sub. (2) that the person loitering explain his activity in a manner so as to comply with the phrase of accountability, to wit: "unable to

account for his presence." That provision fails to give any indication of whether a defendant's presence must be "lawful" or "unlawful," how much of an explanation is needed to add up to an "account," and whose demand for an "account" may be enforced by criminal penalties.

Sec. 947.02 (2), Stats., contains no useful standards for the police officer or the private citizen to know when an "account" may be demanded.

The phrase "in or . . . near any structure, vehicle or private grounds" is so sweeping and ambiguous as to render the statute unconstitutionally vague. The situation described by these words would be difficult for any person in a large community to avoid. In *Scott v. District Attorney, supra,* the court held substantially identical language was vague. At any point in time any individual is "in or . . . near" at least one of the objects listed. The words could apply to window-shopping, waiting in a parking lot, or walking down any business or residential street. This sweeping applicability would result in arbitrary and standardless enforcement of sec. 947.02 (2), Stats.

### Question of overbreadth.

Statutes which are unconstitutionally vague often suffer also from the defect of overbreadth. While a statute may often be found both vague and overbroad at the same time, nevertheless the two concepts are distinct. A statute is too vague when it fails to give fair notice of what it prohibits. It is overbroad when its language, given its normal meaning, is so broad that its sanctions may apply to conduct which the state is not entitled to regulate.

The fourteenth amendment of the United States Constitution protects persons from incursions by the state into certain areas of their life, and an overbroad statute is constitutionally defective if it extends state criminal

authority beyond the proper reach of government into one of these protected private areas. *Scott v. District Attorney, supra.*

Sec. 947.02 (2), Stats., fails to define with precision the distinction between criminal and noncriminal conduct and thus may be used to "criminalize" conduct which is beyond the legitimate reach of the state's police power. *Lazarus v. Faircloth* (S. D. C. Fla. 1969), 301 Fed. Supp. 266.

A literal reading of sec. 947.02 (2), Stats., indicates that it affects persons whom the legislature did not intend to reach. It is difficult to conceive of a situation in which a person is not "in or . . . near any structure, vehicle or private grounds." The requirement of making an account to some unspecified person is obviously offensive. Sightseers, window-shoppers and persons merely taking a walk come within the clear wording of the statute, yet no one could reasonably argue that the state has the constitutional authority to compel such a result. Sec. 947.02 (2), in attempting to proscribe certain conduct proscribes conduct which is beyond the reach of the criminal law under the United States Constitution.

The state finally argues that this court cannot consider the possible misuse to which this statute, because of its broad wording, could be put. This court, according to the state's argument, must restrict its examination of the statute to the facts of the case. This court repudiated the state's position and recognized the exception to the rule in *State v. Zwicker, supra,* at page 509, where we acknowledged the propriety of considering other possible applications of a statute in these words:

"We are of the opinion that the statute under consideration is not overly broad. *We are cognizant of the fact that the statute must be viewed with the consideration of whether it could be possibly applied* so as to offend the constitutional requirement that a governmental purpose to control or prevent activities constitutionally

subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms. . . ." (Emphasis supplied.)

The same rule is found in *Aptheker v. Secretary of State* (1964), 378 U. S. 500, 516, 84 Sup. Ct. 1659, 12 L. Ed. 2d 992:

" '[I]n appraising a statute's inhibitory effect upon such rights, this Court has not hesitated to take into account possible applications of the statute in other factual contexts besides that at bar. *Thornhill v. Alabama,* 310 U. S. 88, 97–98; *Winters v. New York,* [333 U. S. 507], 518–520. Cf. *Staub v. City of Baxley,* 355 U. S. 313. . . .' "

We conclude that the language of sec. 947.02 (2), Stats., is so vague and overly broad that it is unconstitutional on its face. We do not reach the remaining issue of the sufficiency of the evidence because of our ruling on the constitutional question.

We note that in many cases where similar statutes have been held invalid, the courts have suggested to the legislatures that they adopt a more palatable version of the loitering statute, such as sec. 250.6 of the Model Penal Code, American Law Institute (Proposed Official Draft, 1962), at page 226:

"**Loitering or Prowling.** A person commits a violation if he loiters or prowls in a place, at a time, or in a manner not usual for law-abiding individuals under circumstances that warrant alarm for the safety of persons or property in the vicinity. Among the circumstances which may be considered in determining whether such alarm is warranted is the fact that the actor takes flight upon appearance of a peace officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the actor or other circumstances makes it impracticable, a peace officer shall prior to any arrest for an offense under this section afford the actor an opportunity to dispel any alarm which would other-

wise be warranted, by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Section if the peace officer did not comply with the preceding sentence, or if it appears at trial that the explanation given by the actor was true and, if believed by the peace officer at the time, would have dispelled the alarm."

*By the Court.*—Judgment reversed. The cause is remanded with directions to dismiss the complaint.