Argued April 23, affirmed May 6, petition for rehearing denied
June 8, petition for review denied July 14, 1971

## STATE OF OREGON, *Respondent, v.*
## ROBERT CLINTON STICH, *Appellant.*
### 484 P2d 861

*Peter L. Powers*, Albany, argued the cause for appellant. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of lewdly fondling and manipulating the private parts of a nine-year-old female child. ORS 167.227.

Defendant claims error in (1) allowing the child victim to testify; (2) overruling a demurrer on the ground of unconstitutional vagueness of the statute; and (3) denial of motion for a directed verdict of acquittal on the ground of insufficient competent evidence.

(1). ORS 44.030 provides that children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, may not

testify. It further directs that when a child under ten years of age is produced the court shall, by examination, ascertain to its own satisfaction whether the child can and will tell the truth. Such an examination was conducted by the trial court, and the girl was ruled competent to testify.

■ The age set out in the statute is a guideline for determining when an examination should be conducted. The determination of competency is within the discretion of the trial court, and its decision ordinarily will not be disturbed. *State v. Jackson*, 9 Or 457 (1881); *State v. Herrera*, 236 Or 1, 10, 386 P2d 448 (1963).

■ The victim's testimony was generally clear and given without undue hesitation or confusion, and much of it was corroborated by her older brother's testimony. There was no notable inconsistency between direct and cross-examination stories. The defendant told a different story regarding the events in question, but factual disagreements are for the jury.

■ ■ Overruling of the demurrer. It is contended that ORS 167.227 is void for vagueness. Defendant relies in part on *State v. Hodges*, 254 Or 21, 457 P2d 491 (1969). As *Hodges* states, the general standard applied is that

"* * * the terms of a penal statute creating an offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties * * *." 254 Or at 27.

This standard is not met by

"* * * a statute which either forbids or requires the doing of an act so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application * * *."

*Lanzetta v. New Jersey,* 306 US 451, 453, 59 S Ct 618, 83 L Ed 888 (1939).

"* * * A vague statute lends itself to an unconstitutional delegation of legislative power to the judge and jury, and, by permitting the jury to decide what the law will be, it offends the principle, if not the rule, against *ex post facto* laws * * *." *State v. Hodges,* 254 Or at 27.

In *State v. Samter,* 4 Or App 349, 352, 479 P2d 237 (1971), this court said:

"* * * It is virtually impossible to draw a prohibitionary statute under which it may be determined in advance by everyone, with absolute exactitude in all possible factual circumstances, whether specific conduct will be treated as a violation or not. Therefore, whether a statute is void for vagueness is a matter of degree * * *."

The statute in *Samter*[①] was approved despite the use of the difficult terms "mistreat" and "maltreat." The statute before us, ORS 167.227, which proscribes lewdly fondling and manipulating the private parts of a child under 18, is more definite.

Defendant claims that the word "lewd" is generally coupled with other terms to give it meaning. This is so in ORS 167.227, for the word is coupled with "fondles and manipulates the private parts" of the child victim. Any person not married to the victim, other than parents or medical persons discharging their duties, who fondles or manipulates the private parts of a child of tender years is doing something which any mature person of common understanding knows is vile, lustful and indecent. This fulfills the Webster's New International Dictionary (3d ed 1969)

---

[①] ORS 163.650. "Any person, not being a parent of the child, who knowingly and wilfully cruelly mistreats and maltreats a child under the age of 16 years, shall be punished *. * *."

definition of what is lewd. The words "fondle" and "manipulate" are unambiguous in themselves.

Defendant cites us *State of Oregon v. Moore,* 194 Or 232, 240-41, 241 P2d 455 (1952), with reference to what is meant by "private parts." That case eliminated breasts as "private parts" of a female. Webster's New International Dictionary (3d ed 1969) defines "privates" to include only the genitals. Defendant was charged in the language of the statute, and the victim in her testimony indicated that the act involved her genitals only. The language of the statute and the indictment, respectively, provided the defendant with clear notice of the prohibited conduct, and the crime with which he was charged.

(3). The defendant assigns as error overruling of his motion for a directed verdict of acquittal for lack of competent evidence. In holding against the asserted error relating to the competency of the victim to testify, we have virtually disposed of this contention. The victim's testimony established a *prima facie* case.

Her testimony was corroborated by her older brother, who was in another room of the trailer home at the time the crime occurred. He testified that he went by the bedroom where the girl and defendant were alone upon a bed. He looked into the room and when he did so defendant raised up and zipped up the fly of his trousers. Other testimony of the brother additionally corroborated the victim's testimony.

■ Defendant has raised the question of need to corroborate an accomplice's testimony. Even if the girl could be considered an accomplice— a proposition which we consider untenable—the boy's testimony was corroboration.

Affirmed.