Submitted on briefs March 21, affirmed April 7, petition for rehearing denied May 2, petition for review denied June 20, 1972

CITY OF PORTLAND, *Appellant, v.*
ERSKINE E. WHITE (No. C-71-07-2246),
*Respondent.*

495 P2d 778

Richard A. Braman, Senior Deputy City Attorney, and Marian C. Rushing, City Attorney, Portland, filed the briefs for appellant.

Don H. Marmaduke, Portland, filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C. J.

Defendant was accused of violating § 14.92.045 of the Code of the City of Portland, which provides:

"No person shall loiter or prowl in a place, at a time, or in a manner not usual for law abiding persons under circumstances that warrant alarm for the safety of persons or property in the vicinity. Among the circumstances which may be considered in determining whether such alarm is warranted is the fact that the person takes flight upon appearance of a police officer, refuses to identify himself, or manifestly endeavors to conceal himself, or any object. Unless flight by the person or other circumstances makes it impracticable, a police officer shall prior to any arrest for an offense under this section afford the person an opportunity to dispel any alarm which would otherwise be warranted, by requesting him to identify himself and explain his presence and conduct. Failure of a police officer so to do shall be a defense in any prosecution under the provisions of this section. It shall also be a defense if it appears at trial that the explanation given by the person was true and, if believed by the police officer at the time, would have dispelled the alarm."

In the municipal court defendant's demurrer was sustained and the ordinance held to be unconstitutionally vague in a comprehensive opinion by Judge Richard L. Unis, excerpts of which were published at 9 Crim L Rptr 2283 (July 7, 1971). The city appealed to the circuit court, where defendant again demurred,

and the circuit court also held the ordinance to be unconstitutional, adopting the reasoning and conclusions of Judge Unis's opinion. The city appeals from that determination, presenting the question of whether § 14.92.045 of the Code of the City of Portland is unconstitutionally vague.

States have long attempted to make loitering a crime, either in loitering statutes, *see,* 25 ALR3d 836 (1969), or disorderly conduct statutes, *see,* 12 ALR3d 1448, 1454-55 (1967), or vagrancy statutes, *see,* 25 ALR3d 792, 811-16 (1969). In all of these contexts, the majority of modern cases have held various prohibitions against loitering to be unconstitutionally vague. *See, Papachristou v. Jacksonville,* 405 US 152, 92 S Ct 839, 31 L Ed 2d 110 (1972); *Arnold v. Denver,* 171 Colo 1, 464 P2d 515 (1971); *State v. Grahovac,* — Hawaii —, 480 P2d 148 (1971); *Hayes v. Municipal Court of Oklahoma City,* 487 P2d 974 (Okla Crim App 1971); *State v. Starks,* 51 Wis2d 256, 186 NW2d 245 (1971); *see, also,* other authorities cited in those opinions. We have found no decisions, however, which have passed on the constitutionality of a loitering statute or ordinance using the language contained in § 14.92.045.

■ When a statute is challenged as unconstitutionally vague, our first duty is to interpret the statute, if possible, in a manner which will result in the statute's being upheld. *See, State v. Hodges,* 254 Or 21, 457 P2d 491 (1969); *State v. Stich,* 5 Or App 511, 484 P2d 861, Sup Ct *review denied* (1971); *State v. Samter,* 4 Or App 349, 479 P2d 237 (1971).

■ We agree with the lower courts' interpretation of § 14.92.045, i.e., that it defines the crime of loitering as containing three conjunctive elements: (1) the de-

fendant loitered or prowled; (2) such loitering or prowling was at a time, or in a place or in a manner not usual for law-abiding persons; and (3) such loitering created justifiable alarm for persons or property in the vicinity.

We further agree with the lower courts' conclusion that the first two elements of the offense, as stated in § 14.92.045, are clearly unconstitutionally vague. The terms "loiter" and "prowl" standing alone are so elastic that men of common intelligence must necessarily guess their meaning. *Ricks v. District of Columbia,* 414 F2d 1097 (DC Cir 1968): *People v. Diaz,* 4 NY2d 469, 176 NYS2d 313, 151 NE2d 871 (1958). These terms are not made more certain by the modifying phrase "in a place, at a time or in a manner not usual for law abiding persons." What seems usual to one "law abiding person" might seem quite unusual to another. *See, Papachristou v. Jacksonville,* supra (occupants of car—two white women and two black men— arrested for "prowling by auto" while traveling on the main thoroughfare in Jacksonville, Florida).

The third element of the offense, that the loitering created justifiable alarm for the safety of persons or property in the vicinity, presents the most difficult question. This language is based on the loitering provision of the Model Penal Code, and by way of dicta has been approved in *State v. Starks,* supra, and *Seattle v. Drew,* 70 Wash2d 405, 423 P2d 522, 25 ALR3d 827 (1967). And, when Portland's prior loitering ordinance was held unconstitutional, the Oregon Supreme Court commented:

"* * * Nor do we express any opinion as to the validity of an ordinance cast in language similar to that used in the Model Penal Code permitting, under proper safeguards, the arrest of

persons who loiter or prowl under circumstances creating a justifiable alarm for the safety of persons or property." *City of Portland v. James,* 251 Or 8, 12, 444 P2d 554 (1968).

The ordinance in question in *James* was interpreted as prohibiting loitering without having a lawful purpose, that is, having a purpose to commit a crime other than loitering. The court stated this meant:

"* * * [T]he officer may make the arrest if the [defendant's] conduct reveals a purpose to commit a crime of some description although the conduct is such that the officer is unable to determine which crime it is likely to be." 251 Or at 10-11.

The court noted that the ordinance as so interpreted permitted arrest upon suspicion only, and held it void for vagueness.

We can perceive no distinction between an ordinance that permits an officer to arrest when conduct suggests to him that a suspect has an "unlawful purpose," i.e., is about to commit an unspecified crime, and the ordinance here in question that permits an officer to arrest when conduct creates "justifiable alarm," i.e., because the officer believes the suspect is about to commit an unspecified crime.[1] Therefore, as we read *City of Portland v. James,* supra, it tells us that § 14.92.045 of the Code of the City of Portland is unconstitutionally void for vagueness.

Affirmed.

---

[1] If a suspect's conduct is such that an officer has probable cause to arrest, for example, for attempted burglary, then an arrest can properly be made, and no special statute or ordinance is needed to authorize the arrest. *See,* City of Portland v. James, 251 Or 8, 444 P2d 554 (1968).

LANGTRY, J., specially concurring.

I concur in the result of the court's opinion because the reasoning in *City of Portland v. James,* 251 Or 8, 444 P2d 554 (1968), and other similar cases compels it. The ordinance here rejected appears, in all three of its elements mentioned in the court's opinion rather than just its third element, to have been fashioned upon Model Penal Code § 250.6 (Final Proposed Draft No. 1—1961). *See Seattle v. Drew,* 70 Wash2d 405, 423 P2d 522, 527, 25 ALR3d 827 (1967). The drafters of the Model Penal Code had no more success in overcoming vagueness standards formulated in shifting case law than have previous earnest drafters of laws seeking to give the police a tool that may be used in an effort to prevent crime before it happens.