BOYD, Justice
(dissenting).
I respectfully dissent to the majority view based upon Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) and City of Portland v. White, 9 Or.App. 239, 495 P.2d 778 (1972) considered in the dissenting opinion by jfustice Richard W. Ervin, now retired, in State v. Ecker, supra, in which I concurred.
It is my firm belief that there are sufficient criminal statutes in existence at this time without the necessity of a catchall loitering statute such as Section 856.021, Florida Statutes. I feel that this statute is unconstitutional because it interferes with the freedom of movement of citizens in the same way as did the old vagrancy statutes which have been stricken down by the courts. No individual should be incarcerated simply because the nature of his conduct does not comport with a standard which a police officer considers proper unless there is actual evidence that a crime has been committed, is being committed or is about to be committed. It requires little *450 imagination to contemplate many situations in which persons could easily be conducting themselves in a manner to arouse the suspicions of police officers without violating any statute or doing any harm to the public good.
For the above reasons, I must respectfully dissent.