Argued December 16, 1977, reversed and remanded February 7, 1978

STATE OF OREGON, *Appellant,*
*v.*
VONNIE C. YANCEY, *Respondent.*
(No. 77-1760, CA 8818)
574 P2d 358

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Francis F. Yunker, Portland, argued the cause for respondent. With him on the brief was John W. Brugman, Portland.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

[ 477 ]

ROBERTS, J.

**ROBERTS, J.**

Defendant was charged with the crime of possession of gambling records in the second degree. Defendant filed a demurrer to the complaint asserting that the statute proscribing the activity is unconstitutionally vague and therefore violates due process. The district court sustained the demurrer and entered an order finding the statute unconstitutional.

ORS 167.132 provides:

"(1) A person commits the crime of possession of gambling records in the second degree if, with knowledge of the contents thereof, he possess any writing, paper, instrument or article:

"(a) Of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise; or

"(b) Of a kind commonly used in the operation, promotion or playing of a lottery or numbers scheme or enterprise.

"(2) Possession of gambling records in the second degree is a Class A misdemeanor."

The term "lottery" used in paragraph (b) of subsection (1) is defined by ORS 167.117(5) as:

"* * * [A]n unlawful gambling scheme in which:

"(a) The players pay or agree to pay something of value for chances, represented and differentiated by numbers or by combinations of numbers or by some other medium, one or more of which chances are to be designated the winning ones; and

"(b) The winning chances are to be determined by a drawing or by some other method; and

"(c) The holders of the winning chances are to receive something of value."

As we have stated in the past when a statute is challenged as unconstitutionally vague, it is our obligation to interpret the statute, if possible, in a manner which will result in a finding of constitutionality. *City of Portland v. White,* 9 Or App 239, 495 P2d 778, *rev den* (1972); *see State v. Hodges,* 254 Or 21, 457 P2d 491 (1969); *State v. Stich,* 5 Or App 511, 484 P2d 861, *rev*

[ 479 ]

*den* (1971); *State v. Samter,* 4 Or App 349, 479 P2d 237 (1971).

■■  This statute is susceptible to such interpretation. It is true that a person of ordinary intelligence might not know what writings, papers, instruments or articles are "of a kind commonly used" in the operation of a bookmaking scheme or a lottery.[1] The statute does, however, require that the person to be charged with the offense have "knowledge of the contents thereof." We interpret this to require not only knowledge of what the possessed writing, paper, instrument, or article contains but knowledge that it is of the type commonly used in bookmaking or lotteries.[2]

This requirement of knowledge alleviates any vagueness problem since only a person who the state shows had knowledge that the possessed object is of a type commonly used in a gambling scheme can be convicted. This approach to vagueness problems has been adopted in appropriate cases by the U.S. Supreme Court. *Boyce Motor Lines v. United States,* 342 US 337, 72 S Ct 329, 96 L Ed 367 (1952); *Communication Assn. v. Douds.,* 339 US 382, 70 S Ct 674, 94 L Ed 925 (1950); *United States v. Ragen,* 314 US 513, 62 S Ct 374, 86 L Ed 383 (1942).

Reversed and remanded.

---

[1] A statute is unconstitutionally vague if persons of ordinary intelligence must necessarily guess at its meaning. *See State v. Debnam,* 23 Or App 433, 542 P2d 939 (1975).

[2] Requiring knowledge that a writing, paper, instrument or article is of a kind commonly used in a bookmaking or lottery scheme does not violate ORS 161.115(4), which provides:

"(4) Knowledge that conduct constitutes an offense, or knowledge of the existence, meaning or application of the statute defining an offense, is not an element of an offense unless the statute clearly so provides."

This forbids implying a requirement of knowledge of the law as one of the elements of the crime. As such it is a legislative restatement of the rule that everyone is presumed to know the law. Here, we are requiring a showing of knowledge of the fact that an item is of a kind used in a gambling scheme.

**TANZER, J.,** specially concurring.

The majority analysis is fallacious. There are three elements under ORS 167.132 of the crime of possession of gambling records. They are:

1) possession

2) of gambling records, as defined,

3) with knowledge of the (nature of) their contents.

There is no dispute regarding the first element, possession. The fallacy of the majority is simply that it confuses the latter two elements.

Defendant argues only that the statutory description of gambling records in ORS 167.132 is vague. The statutory description of the things not to be possessed is sufficiently definite to allow consistent judicial construction and jury application, and that is the test of the vagueness doctrine as stated in *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969). The statute is therefore not vague and, in my opinion, no more need be said.

The majority purports to save the statute from death by vagueness by incorporating the knowledge requirement into the description of the contraband goods. Good sense makes such a constitutional rescue operation unnecessary because the description is sufficient without reference to knowledge. Furthermore, it is a non sequitur; I see no logical connection between the two elements. The knowledge requirement is a separate element from the contraband description. Knowledge or ignorance of a record's contents by its possessor does not determine whether the record is a gambling record or not within the statutory description.

The distinction may be simply illustrated. If numbers slips, for example, are sent through the mails, the mail carrier would possess articles which are indisputably gambling records. He would not be guilty of the crime, however, not because numbers slips are not gambling records, but because he does not know their

contents. His ignorance of their contents does not make the numbers slips legally immaculate; it merely means that the knowledge element of the statutory definition of the crime has not been satisfied and he is not culpable for that reason.

Conversely, knowledge of contents cannot convert a non-described article into contraband. This, too, is subject to simple illustration. If a bookmaker uses an ordinary telephone directory to call her regular customers, and her spouse, with full knowledge of the nature of the contents of the telephone directory, borrows it to make some social calls, his knowledge does not make it into a gambling record.

Simply stated, an item is either a gambling record under the statutory definition or it is not. Knowledge does not bring a non-described item within the description and ignorance does not exclude it. Knowledge is simply a second element of the crime. It does not affect an otherwise sufficient description and the majority errs in reasoning that it does. I would hold that the statutory definition is sufficient and I see no need to complicate the law by confusing it with the separate scienter requirement.