OPINION OF THE COURT
Timothy J. Drury, J.
The question presented by this case is whether subdivision 3 of section 240.35 of the Penal Law, which prohibits loitering in a public place for the purpose of engaging in or soliciting another person to engage in deviate sexual intercourse, is constitutional in light of People v Onofre (51 NY2d 476, cert den 451 US 987). In Onofre the Court of Appeals struck down section 130.38 of the Penal Law which prohibited persons not married to one another from engaging in deviate sexual intercourse. The term deviate sexual intercourse is defined only once in the Penal Law and that is as certain types of sexual conduct between persons not married to one another. Therefore, what is proscribed by subdivision 3 of section 240.35 is loitering involving parties not married to one another.
The Onofre case ruled that the consensual sodomy statute was unconstitutional because there was no compelling reason shown to abridge the defendant’s right of privacy to engage in certain types of sexual conduct nor any justifica *844 tion given to explain the different treatment accorded unmarried as opposed to married persons. Therefore, the question before this court is whether there is any rational basis to justify a prohibition against loitering for a purpose which one has a recognized and protected right to engage in, and whether there is reason to warrant enforcing this prohibition against persons not married to each other.
In deciding this question, it is well to recognize first that it is not the purpose or intent that an individual might have that is being proscribed, but it is loitering with this purpose or intent that is the subject of this statute (see People v Diaz, 4 NY2d 469, 470-471). Therefore, it may be that a person might have a perfect right to perform some act that he or she might not be allowed to loiter to do.
Also, the Court of Appeals has recognized that what may amount to no more than simple loitering can be legitimately prohibited depending on where it occurs and other circumstances. For instance, in People v Johnson (6 NY2d 549), the Court of Appeals upheld the constitutionality of a statute which bans loitering in or about schools (Penal Law, § 240.35, subd 5) because of the danger this posed to children from drug peddlers and sex offenders and because of the danger of fire to the school building. In People v Merolla (9 NY2d 62), the Court of Appeals likewise upheld a ban on loitering on wharfs and docks because these were areas where the likelihood of illegal activity was notorious. Similarly, a statute forbidding loitering about toilets and railway platforms has been unheld (People v Bell, 306 NY 110). Therefore, the mere fact that an activity is innocent or legitimate does not decide the matter. What is significant are the facts of this particular case and the reasons offered by the People to show that the law is necessary.
The facts of the case are that the defendant was a known prostitute and, on April 1,1980 about 4:00 in the morning, she was observed waving at cars at the intersection of Genesee and Davis Streets in the City of Buffalo. This is an area frequented by prostitutes. The defendant approached the codefendant’s car and, after a conversation, she got in. They were found a short time later parked nearby engaging in deviate sexual intercourse. They were not married. The codefendant requested and was granted an adjourn *845 ment in contemplation of dismissal (CPLR 170.55). He does not wish to contest the constitutionality of the statute.
At a hearing, pursuant to the defendant’s motion attacking the constitutionality of the statute, Captain Kenneth P. Kennedy of the Buffalo Police Department Vice Squad testified and defended the police policy of making arrests under this statute. He said it was necessary to control vice in this and other neighborhoods. He testified that he had received a great many complaints from residents in this neighborhood of sexual activity occurring in public. Residents complained of couples having sex in cars parked on neighborhood streets, parked in alleys and even in backyards. They complained that this conduct occurred in the daytime in cars parked on the street where schoolchildren could observe it.
No neighborhood or community can tolerate these conditions and, obviously, they are the legitimate concern of the police. But this court and other courts are concerned about the type of statute that is being employed to correct conditions of this sort and the manner in which it is being employed.
The Onofre case for the most part discussed a type of private and discreet sexual conduct very unlike the situation depicted in this case. But Onofre (51 NY2d 476, supra) also dealt specifically with this sort of conduct. In Onofre the Court of Appeals stated that an individual’s right of privacy did not extend to consensual sodomy that occurs in public. However, the court found that the equal protection clause of the Fourteenth Amendment of the United States Constitution prohibited a State from banning consensual sodomy, even in public, between persons not married to one another. (See Onofre, supra, p 485). The Court of Appeals reached this decision after the People were given full and ample opportunity to show “ ‘some ground of difference that rationally explains the different treatment accorded married and unmarried persons’” (supra, p 491, quoting Eisenstadt v Baird, 405 US 438, 447). The court found that there was none.
In the instant case, it would be foolhardy to deny that there is not some connection between loitering to engage in deviate sexual intercourse and the open display of sexual *846 conduct that offends the public. But there has been nothing shown in this case to differentiate the display of sexual conduct that Captain Kennedy testified to from the circumstances that existed in and were before the Court of Appeals in the Onofre case. Two of the three cases dealt with in Onofre (supra) concerned parties having sex in automobiles parked on city streets, and in one case, it was in a residential area. And there is nothing to indicate that' the loitering aspect of the statute adds anything to the instant case or serves to distinguish it in any way from the Onofre decision.
What the public is complaining about is really the activities of prostitutes and the laws against prostitution and loitering for the purpose of prostitution would seem to constitute adequate safeguards against those abuses. Perhaps a law forbidding the public display of sexual conduct would be an added measure to this end and it would serve the purpose of actually dealing with the conduct that offends the public as opposed to whatever effect that the loitering statute might have.
For the foregoing reasons, the court is constrained to find that the statute prohibiting loitering to engage in deviate sexual intercourse is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.
But there is another and equally fundamental problem in the enforcement of this statute that also affects its constitutionality that was disclosed at the hearing held to determine this issue. At the hearing, the arresting officer, Kenneth H. Burgstahler, testified that 99% of the women arrested under this statute are prostitutes and that they are charged when the police do not have enough evidence to charge them with prostitution (Penal Law, § 230.00) or loitering for the purpose of prostitution (Penal Law, § 240.37, subd 2). He testified that, in the instant case, the defendant was charged with loitering to engage in deviate sexual intercourse so that her codefendant could be charged also. He said otherwise the police did not have sufficient grounds to charge him with anything else. Therefore, the codefendant was charged because he patronized a prostitute (a violation of section 230.03 of the Penal *847 Law), an accusation that could not be sustained in court. It would appear that the police had sufficient evidence to charge the defendant with loitering for the purpose of prostitution if charging her codefendant was not a factor.
This case illustrates the problem with using the statute prohibiting loitering to engage in deviate sexual intercourse to fight prostitution. The problem is that the determining factor as to who or who is not charged under this statute, in other words, who or who is not a prostitute or a prostitute’s customer, is not part of the crime and that factor does not come to court and is never litigated in court. Therefore, the police have the sole discretion in determining who is or who is not to be arrested, and no court or jury ever decides or reviews this critical fact. Such unfettered discretion is totally unacceptable, and a former loitering statute was struck down by the Court of Appeals for this very reason (see People v Berck, 32 NY2d 567, cert 414 US 1093). Therefore, the court finds that the statute prohibiting loitering to engage in deviate sexual intercourse is unconstitutionally vague in violation of the Fourteenth Amendment of the United States Constitution because, by allowing the police such discretion, it encourages arbitrary and discriminatory enforcement of the law.*
In reaching its decision on the constitutionality of the statute on the two grounds as set forth, the court does so only as the statute applies to the particular facts and circumstances before it. Other facts may warrant an entirely different decision, particularly in light of People v Smith (44 NY2d 613), which upheld the constitutionality of the statute which prohibits loitering for the purpose of prostitution (Penal Law, § 240.37, subd 2) on the grounds that this activity interfered with the commercial life and the public use and enjoyment of the streets and other areas effected.
Accordingly, the charge against the defendant is hereby dismissed.

 See, contra, People v Willmott (67 Misc 2d 709), which predated the Onofre decision and did not deal with the arbitrary enforcement of the statute.