Argued and submitted February 25, affirmed July 8, 1987

## CASCADE FIREWORKS, INC.,
dba Uncle Sam's Wholesale Fireworks,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

(85-2350; CA A40335)

738 P2d 1013

Joseph E. Penna, Monmouth, argued the cause and filed the brief for appellant.

Jerome S. Lidz, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John A. Reuling, Jr., Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff, a wholesaler of fireworks, brought this declaratory judgment action challenging the constitutionality of statutes regulating the sale of fireworks. The trial court upheld the constitutionality of the statutes. We affirm.

ORS 480.110 to ORS 480.160 provide a comprehensive statutory scheme for the regulation of the sale of fireworks. ORS 480.120 prohibits sales within Oregon except under limited circumstances. Sales to customers residing outside the state may be made in accordance with ORS 480.156, which prohibits sales to any out-of-state resident who does not

> "(1) * * * possess and present to the seller for inspection at the time of sale a valid license or permit issued in the name of such out-of-state resident, if such license or permit is required to purchase, possess, transport, store, distribute, sell or otherwise deal with or use fireworks or items described in ORS 480.127, by the laws of such other state."

Plaintiff contends[1] that ORS 480.156 violates the Commerce Clause,[2] because it unduly restricts the flow of commerce among the states without justification. The test for that claim is stated in *Pike v. Bruce Church, Inc.,* 397 US 137, 90 S Ct 844, 25 L Ed 2d 174 (1970):

> "Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will, of course, depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities." 397 US at 142.

Plaintiff argues that the statute is a burden on interstate commerce, because a seller must determine the validity of a purchaser's permit before a sale and because no wholesaler can risk prosecution by selling to a non-resident who might

---

[1] Plaintiff specifically assigns error to the trial court's ruling that ORS 480.120(1)(a) is constitutional and, under that assignment, also argues the constitutionality of ORS 480.156.

[2] United States Constitution, Article I, section 8.

not have a valid permit. However, a violation of ORS 480.156 is a Class B misdemeanor, for which a culpable mental state must be proven. A wholesaler's reasonable belief that a permit was valid would provide a defense to a prosecution for violation of the statute and, thus, the application of the statute could have only incidental effects on interstate commence.

Further, the statute advances a legitimate local public interest in the safety of the citizens of the state. Before the enactment of the law, a wholesaler was permitted to sell to an out-of-state purchaser but could deliver the fireworks to a local common carrier for shipment. There was no requirement that the purchaser present a license or permit from another state, and the fireworks could be picked up in Oregon from the common carrier, thus increasing the likelihood that the fireworks would be used in Oregon. In this case, the state's interest in the safety of its citizens clearly outweighs any incidental impact on interstate commerce.

■■ Plaintiff next argues that ORS 480.156 is unconstitutionally vague, because a person of ordinary intelligence must necessarily guess at its meaning. The determinative factor in deciding if a statute is unconstitutionally vague is whether there is a reasonable degree of common understanding of what is encompassed by the prohibition in the statute. *State v. Samter,* 4 Or App 349, 352, 479 P2d 237 (1971); *see State of Oregon v. Wojahn,* 204 Or 84, 136, 282 P2d 675 (1955). The wording of ORS 480.156 is sufficiently specific to inform a person of what conduct is prohibited. It is clear that a wholesale sale of fireworks cannot be made to a non-Oregon resident unless the purchaser has a permit if a permit is required by the laws of the non-resident's state. The statute is sufficiently clear so that a wholesaler may determine in advance whether a sale will be lawful.[3]

Affirmed.

---

[3] Plaintiff's remaining assignment of error is without merit.