STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN EARL PINARD, JR.,
*Defendant-Appellant.*

Marion County Circuit Court
10C46345; A148042

300 P3d 177

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant shot his neighbor's dog with a razor-bladed hunting arrow. The dog's owner determined that the dog would not survive a trip to the veterinarian and euthanized the dog. After a bench trial, defendant was convicted of one count of aggravated first-degree animal abuse under ORS 167.322 (Count 1) and two counts of first-degree animal abuse under ORS 167.320 (Counts 3 and 4). On appeal, defendant initially argues that he was entitled to a judgment of acquittal on Count 1, which alleged that defendant killed the dog, and on Count 4, which alleged that defendant caused the death of the dog, because there was no evidence as to whether the dog could have survived the wound. Suffice it to say that, on this record, there was ample evidence (including the location and nature of the wound and the dog's distressed condition) from which a trier of fact could find that defendant's arrow fatally wounded the dog. Thus, we reject defendant's first and second assignments of error without further discussion.

In his third assignment of error, defendant argues that the trial court should have merged the guilty verdicts on Counts 1 and 4 because the two statutory provisions that defendant violated, ORS 167.320(1)(b) (making it a crime to "[c]ruelly cause[] the death of an animal") and ORS 167.322(1)(a) (making it a crime to "[m]aliciously kill[] an animal"), include the same elements. *See* ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."). Defendant concedes that he did not advance that merger argument below, but he urges us to correct the error as one apparent on the record. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-83, 823 P2d 956 (1991).

The state, for its part, argues that ORS 167.320(1)(b) and ORS 167.322(1)(a) require proof of different elements. According to the state, "'cruelly' describes the manner of the animal's death" whereas "'maliciously' describes the actor's intent in causing that death." *Compare* ORS 167.322(3)(a)

("'Maliciously' means intentionally acting with a depravity of mind and reckless and wanton disregard of life."), *with Webster's Third New Int'l Dictionary* 546 (unabridged ed 2002) ("cruelly" means "so as to pain : MERCILESSLY : so as to cause pain or hurt < ~ done to death >"), *and State v. Samter*, 4 Or App 349, 353, 479 P2d 237 (1971) (noting that the word "cruelly" is one of common usage that "means to cause pain or hurt"). *But cf. Schmidt v. Mt. Angel Abbey*, 347 Or 389, 399, 223 P3d 399 (2009) (explaining that, for purposes of ORS 12.117(2)(a)(B), the phrase "cruelty to [a] child" "most reasonably is interpreted to include (1) acts that are performed with the specific intent of injuring or harming the child and that are capable of producing those results and (2) acts that, by their very nature, demonstrate a willful and wanton disregard for the child's welfare, such that one can infer a willingness to have the child injured").

In this case, we need not conclusively resolve whether the two statutes require proof of different elements; the question is at least reasonably in dispute, and defendant's challenge therefore does not establish plain error. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (to be considered "apparent" on the record for purposes of ORAP 5.45, an error must be such that "the legal point is obvious, not reasonably in dispute"). We therefore reject defendant's third assignment of error.

In his fourth assignment, defendant argues that the trial court erred in failing to merge the guilty verdicts on Counts 3 and 4, both of which alleged first-degree animal abuse under ORS 167.320. According to defendant, "there was only one statutory provision and one victim and, because the same act, shooting the dog with an arrow, was the basis for both violations, there was no pause between the acts. As a result, the verdicts on Counts 3 and 4 should merge." *See* ORS 161.067(3) ("When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be

separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."). Again, defendant admits that he did not advance that merger argument in the trial court, and he asks us to reverse on the basis of plain error.

On this merger question, the state concedes error. That is, the state acknowledges that the trial court plainly erred by not merging defendant's guilty verdicts for first-degree animal abuse into a single conviction and that the case must be remanded so that the trial court can correct that error. We agree, accept the state's concession, and, for the reasons expressed in *State v. Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008), reverse and remand for merger of guilty verdicts on Counts 3 and 4 into a single conviction for first-degree animal abuse.

Convictions on Counts 3 and 4 reversed and remanded for entry of a single conviction for first-degree animal abuse; remanded for resentencing; otherwise affirmed.