JONES, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 86. Argued September 12, 1972.—Decided October 3, 1972.*
(Also reported in 200 N. W. 2d 587.)

* Motion for rehearing denied, without costs, on November 28, 1972.

For the plaintiff in error there was a brief and oral argument by *Myron B. Katz* of Milwaukee.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The issue is whether sec. 944.17 (1), Stats., is unconstitutional because of vagueness or overbreadth.

The statute under which the defendant was convicted and now challenges is sec. 944.17 (1). It provides as follows:

"**Sexual perversion.** Whoever does either of the following may be fined not more than $500 or imprisoned not more than 5 years or both:

"(1) Commits an abnormal act of sexual gratification involving the sex organ of one person and the mouth or anus of another."

The sufficiency of the evidence is not challenged in this review of the postconviction order; therefore facts of the sordid and revolting events that led to the conviction will be set forth in only such detail as is necessary for a discussion of the application of the statute.

The complainant, James Joseph ———, in December of 1967, was confined in the county jail of Milwaukee

county. He was kept in the same cell as the defendant Jones. On three occasions, December 13, 14 and 16, 1967, he was forced by physical beating, threat, fear, and against his will to take the penis of the defendant in his mouth and then to sexually gratify the defendant. On two of these occasions not only Jones but another prisoner, in the confines of the jail cell, forced the complainant to submit to the same demands by physical force and threat. The complainant was unable to escape from the defendant and because of threats of physical harm or death he was afraid to report the incidents until assured by a deputy sheriff he would be protected. A complaint was made, a trial was had, and the conviction followed.

The defendant, in his challenge to the conviction for his acts, contends sec. 944.17 (1), Stats., is unconstitutionally vague in violation of the due process clauses of art. I, sec. 8 of the Wisconsin Constitution and the fourteenth amendment of the United States Constitution.

In *State v. Starks* (1971), 51 Wis. 2d 256, 259, 186 N. W. 2d 245, we stated:

"The most commonly accepted formula for determining whether a penal statute is too vague to give fair notice of what it prohibits is the one adopted by this court in *State v. Zwicker* (1969), 41 Wis. 2d 497, 507, 164 N. W. 2d 512."

In support of his contention, the statute is void for vagueness, he quotes the sodomy statute as it was prior to 1955. In 1955 the legislature repealed the old sodomy section and replaced it with the present sexual perversion statute (sec. 944.17 (1)). The older statute defined sodomy as a "crime against nature." A like phrase in a similar Alaskan statute was declared void for vagueness in *Harris v. State* (1969, Alaska), 457 Pac. 2d 638. Even if we assume the vagueness of that phrase, the question is now moot since it does not appear in our present statute, sec. 944.17. The prior statute does not

taint the constitutionality of the present one. It is the constitutionality of the present statute that is in question and not the former which was abandoned by the legislature.

The test for vagueness of a penal statute is whether it gives reasonable notice of the prohibited conduct to those who would avoid its penalties. The defendant cannot hypothesize fact situations but is confined to the conduct charged when it is so obviously within the zone of prohibited conduct that no reasonable man could have any doubts of its criminality. *State v. Driscoll* (1972), 53 Wis. 2d 699, 193 N. W. 2d 851; *Jordan v. De George* (1951), 341 U. S. 223, 71 Sup. Ct. 703, 95 L. Ed. 886.

The question of vagueness then is whether the statute describes the offense with sufficient definiteness and gives ascertainable standards of guilt.[1] Is the statute sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties? If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional. *State v. Mahaney*, ante, p. 443, 198 N. W. 2d 373; *State v. Starks, supra;* and *Giaccio v. Pennsylvania* (1966), 382 U. S. 399, 86 Sup. Ct. 518, 15 L. Ed. 2d 447.

The present statute states that an abnormal act of sexual gratification is a violation of the statute only if it involves the sex organs of one person and the mouth or anus of another. For this statute to be violated the abnormal act must entail the sex organ of one person in the mouth or anus of another. Therefore, the words following "abnormal act" limits and defines what constitutes such an illegal act. The defendant's proffered definitions of abnormal versus normal are immaterial.

[1] *State v. Evjue* (1948), 253 Wis. 146, 33 N. W. 2d 305.

The Wisconsin legislature has given such term a specific, definite and ascertainable meaning. The statute is simply not vague on its face.

The statute has ascertainable standards, and is sufficiently definite to give reasonable notice of the prohibited conduct. It is clear that oral and anal intercourse is prohibited and nothing more. It is ludicrous to think that the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability. There is nothing to guess at and there is no doubt as to its applicability.

Because the conduct charged is so obviously within the zone of prohibited conduct the defendant cannot hypothesize fact situations. *State v. Driscoll, supra.* As to the question of vagueness, we do not consider the hypothetical as to private consensual acts of married people. The defendant's acts and status under the statute are in no way similar. The vagueness should be considered only in his perspective. This was done and there is no vagueness.[2]

The defendant also contends the statute is unconstitutionally overbroad. The test for overbreadth is whether the substantive limits of the statute sweep so broadly as to prohibit or discourage conduct protected by the constitution. The rights protected are usually found in the penumbras of the first and ninth amendments of the United States Constitution. In challenging a statute for overbreadth, hypothetical applications of the statute can be used to determine if it sweeps so broadly as to invade the area of protected rights. *State v. Driscoll, supra; State v. Starks, supra; State v. Mahaney, supra;* and *State v. Zwicker, supra.*

---

[2] The appendix references offered by the defendant are not accepted as legal authority for what are normal or abnormal sex acts.

The defendant contends the statute could be used to prosecute married persons for consensual sexual intimacies conducted in private and that such prosecution would be an invasion of constitutionally protected rights or marital privacy.

It is beyond reasonable argument to claim that sec. 944.17 (1), Stats., was enacted to control or prohibit the consensual and private sexual intimacies of married persons. No citation of authority has been given us which shows a conviction or even a prosecution of married persons under this or a similar statute in this state or elsewhere. We cannot believe this statute can or will be used to threaten or prosecute married couples in violation of their rights of privacy.

Certainly the state has a legitimate interest in prohibiting heinous acts like those perpetrated by the defendant in this case. His conduct was not private, consensual or marital; on the contrary, it was public, accomplished, not with a consenting spouse but forced upon a victim of the same sex who was unable to escape from the defendant's physical violence and demands. There is no constitutional protection for the revolting conduct of the defendant and, in our opinion, the hypothetical he raises has no reasonable relation to his conduct or the purpose of the statute. It can hardly be said the defendant here has any real or concrete interest in the vindication of the rights of privacy of married couples and he should not be allowed to use a reference to such rights to escape a conviction for his criminal acts.

*By the Court.*—Order affirmed.