Pat E. DRISCOLL, Petitioner,

v.

Wilbur J. SCHMIDT, Respondent.

No. 72–C–59.

United States District Court,
W. D. Wisconsin.

March 2, 1973.

Pat E. Driscoll, pro se.

Robert W. Warren, Atty. Gen., Richard J. Boyd, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION and ORDER

JAMES E. DOYLE, District Judge.

This is a petition for a writ of habeas corpus. Petitioner, on parole from the Wisconsin State Prison, alleges that he is in custody in violation of the United States Constitution. Jurisdiction is present. 28 U.S.C. § 2254(a).

My findings of fact are based upon the record of the proceedings in the state court, and upon the exercise of judicial notice of the content of the statutes of Wisconsin and the content of Wisconsin Jury Instructions (Criminal) as promulgated by the Wisconsin Board of Criminal Court Judges. With respect to petitioner's contention number three, as set forth below, I accept the findings made by the state trial court following a pre-trial evidentiary hearing. None of the findings I make or adopt is disputed

in this present proceeding. They appear in the section of this opinion which follows immediately under the heading "Facts."

### Facts

Petitioner was found guilty by a jury on five counts of a criminal information in the Circuit Court for Grant County, Wisconsin.

Count one charged that on November 18, 1968, petitioner had had sexual intercourse with the daughter of his wife by a former marriage of hers, and that the daughter was then under eighteen years of age, in violation of Wis.Stat. § 944.10(1). The daughter's testimony at trial was that she was born August 21, 1952. The petitioner's testimony at trial was that he was 45 or 46 years of age on November 18, 1968.

Count two charged that on October 19, 1968, the petitioner had consented to the indecent use of his privates by the same stepdaughter, in violation of Wis.Stat. § 944.11(3). The latter's testimony at trial was that her stepfather had put his "sex organ" into her mouth.

Count three charged that some time in July or August, 1968, the petitioner had taken indecent liberties with the privates of the same stepdaughter, in violation of Wis.Stat. § 944.11(2). The latter's testimony at trial was that some time in "the last part of the summer," but prior to August 21, 1968, the petitioner had put his tongue in her "sex organ."

Count four charged that some time in July or August, 1968, the petitioner had consented to the indecent use of his privates by the same stepdaughter, in violation of Wis.Stat. § 944.11(3). The latter's testimony at trial was that in the same encounter to which she referred in connection with count two, the petitioner had put his "sex organ" in her mouth.

Count five charged that some time in July or August, 1968, the petitioner had had sexual intercourse with the same stepdaughter, in violation of Wis.Stat. § 944.10(1). The latter's testimony at trial was that the intercourse had oc-

curred in the same encounter to which she referred in connection with count two.

About one week prior to the commencement of the criminal prosecution in question and the arrest of petitioner, petitioner moved to suppress the anticipated testimony of a psychological social worker whom petitioner and his wife had previously consulted about certain marital problems and to whom certain information had been divulged. The social worker told the petitioner that statements made to him would be confidential. No warnings were given to the petitioner concerning his privilege against self-incrimination or his right to the assistance of counsel. The motion to suppress was denied and the testimony was received at trial.

During the course of the trial, the petitioner testified. On cross-examination, he was asked by the prosecution whether he had ever been convicted of a crime. He answered, yes. He was asked, how many times. He answered, once. Objection to these anticipated questions had been raised prior to trial; the court reserved its ruling; at the close of the government's case, the trial court overruled the objection and permitted the questions to be asked.

At the time of the verdict and judgment of conviction, Wis.Stats. § 944.11 was captioned "indecent behavior with a child" and it provided:

"Any of the following may be imprisoned not more than 10 years:

"(1) Any male who takes indecent liberties with a female under the age of 16; or

"(2) Whoever takes indecent liberties with the privates of any person under the age of 18; or

"(3) Whoever consents to the indecent use of his own privates by any person under the age of 18."

At the time of the verdict and judgment of conviction, Wisconsin Jury Instructions (Criminal) number 1527 (with respect to Wis.Stats. § 944.11(2)) and number 1528 (with respect to Wis.

Stats. § 944.11(3)) contained the following language:

"The phrase 'indecent liberties' means 'such liberties as the common sense of society would regard as indecent and improper.'[2] The term 'privates' as here used refers to the genital organs or sex organs of reproduction.[3]"

Comment [2] read: "State v. Hoffman (1942), 240 Wis. 142, 146–147, 2 N.W.2d 707."

Comment [3] read:

"The term 'private parts' in reference to the human body is defined by the dictionaries and construed by the cases to mean the genital or reproductive organs. State v. Moore (1952), 194 Or. 232, 241 P.2d 455; Pendell v. State (1953), 158 Tex.Cr.R. 119, 253 S.W.2d 426. Webster's Third New International Dictionary p. 1805. (Unabridged ed. 1961). No Wisconsin case has been found on this question but, according to a New Hampshire case, the term includes the immediate vicinity of the genital organs as well. State v. Nash (1929), 83 N.H. 536, 145 A. 262. It does not include the breasts. State v. Moore, *supra*, 241 P.2d 455, 459."

With respect to counts two, three, and four, the jury was instructed in the exact words of form instructions 1527 and 1528 quoted above (excluding, of course, the footnoted comments).

Defendant was sentenced to two years imprisonment on count one; two years on count two, consecutively to count one; two years on count three, concurrently with counts one and two; two years on count four, concurrently with counts one, two, and three; and two years on count five, concurrently with counts one, two, three, and four. Defendant was to be given credit for time spent in confinement awaiting sentencing. Subsequently, the sentence was modified to provide that the total period of incarceration was to be three years and two hundred seventy-one days.

Post-conviction motions were denied. Petitioner appealed to the Supreme Court of Wisconsin from the denial of the post-conviction motions and from the judgment of conviction. The judgment and order were affirmed.

In the section below headed "Opinion," petitioner's seven contentions in this court are set forth. Contention number seven was not raised by petitioner in the state courts. The remaining six contentions were raised by petitioner in the state courts.

### Opinion

In support of his petition here, petitioner contends that his custody is in violation of the Constitution of the United States because: (1) Wis.Stat. § 944.-11(2) and (3) (1967) are void for vagueness. (2) Wis.Stat. § 944.11(2) and (3) (1967) are void for overbreadth. (3) The court permitted the psychological social worker to testify. (4) The trial court permitted questioning as to petitioner's previous criminal record. (5) The information was multiplicitous. (6) Petitioner was subjected to multiple convictions for one incident. (7) Hearsay evidence was admitted at trial without proper foundation or without informing the jury that the evidence was for credibility purposes only.

■ Whether a conversation between a psychological worker and a client is privileged is a question of state law and it raises no federal constitutional issue. The circumstances of the conversation were such that no *Miranda* warnings to the petitioner were required. The receipt of the social worker's testimony did not deprive the petitioner of a fair trial. Contention (3) is without merit.

■ Whether a defendant-witness may be questioned concerning his pre-

vious criminal record is a question of state law and it raises no federal constitutional issue. By permitting the questions to be asked and answered, the trial court did not deprive the petitioner of a fair trial. Contention (4) is without merit.

■ Contentions (5) and (6) appear to be based on the fact that counts three, four, and five involved a single sexual episode. Nevertheless, they purported (see discussion of contentions (1) and (2), below) to allege the commission of three distinct offenses during the single episode, and the state's testimony was that during the single episode the petitioner and his stepdaughter had engaged in cunnilingus, fellatio, and intercourse. Contentions (5) and (6) are without merit.

■ I am not empowered to grant habeas corpus on the basis of contention (7) because petitioner has not exhausted the remedies available in the state courts, nor made any showing that there is an absence of state corrective process, nor made any showing that circumstances exist rendering such process ineffective to protect his rights. 28 U.S. C. § 2254(b).

Contentions (1) and (2) are that the judgment of conviction on counts two, three, and four of the information, and the resulting custody on those counts, violate the due process clause of the Fourteenth Amendment. The contention is that counts two and four are based on subsection (3), and count three on subsection (2), of Sec. 944.11, Wis.Stat., and that each of these subsections is invalid because it is vague and overly broad.[1]

■■ My understanding is that unless it may reasonably be contended that the challenged statute is operative in the

1. Counts one and five are based on Sec. 944.10(1), concerning the validity of which no contention is made. Petitioner has completed service of his term on count one. The sentences on counts three, four, and five ran concurrently with the sentence on count one, and petitioner has also completed them. The sentence on count

two, which runs consecutively to the sentence on count one, has not been completed. Only the sentence on count two (based on Sec. 944.11(3)) is strictly at issue. However, the constitutional issues as to subsection (3), and as to subsection (2) (which is the basis for count three), appear to be indistinguishable.

area of First Amendment freedoms, the doctrine of overbreadth is not available to the challenger. See Dombrowski v. Pfister, 380 U.S. 479, 486–487, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). As presented by this petition, there is no contention that Section 944.11(2) or (3) are operative in the area of First Amendment freedoms. Therefore, I restrict the balance of this opinion to whether Sections 944.11(2) and (3) are void for vagueness. In applying this test, I may not consider possible applications of these sections to hypothetical situations, but may consider only whether this petitioner could reasonably have understood, at the time he contemplated the particular conduct in which he allegedly engaged, that such particular conduct was proscribed by the statute. United States v. National Dairy Corp., 372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L. Ed.2d 561 (1963); United States v. Raines, 362 U.S. 17, 20–22, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). There is surely a fiction implicit in this approach: that one who contemplates particular conduct is actually aware of the wording of the statute later to be invoked to prosecute him, and also aware of all authoritative judicial construction of the statute. But this is a fiction I am bound to accept.

The questions then become: (1) whether, when petitioner was contemplating the act of placing his penis [2] into the mouth of his stepdaughter on a day in July or August, 1968 (count four) and again on October 19, 1968 (count two), he could reasonably have understood that this contemplated conduct

would violate a statute which forbade him to consent to such use [3] of his genital organs or sex organs of reproduction as the common sense of society would in his stepdaughter's vulva [4] on a day in regard as indecent and improper; and (2) whether, when petitioner was contemplating the act of placing his tongue July or August, 1968 (count three), he could reasonably have understood that this contemplated conduct would violate a statute which forbade him to take such liberty with her genital organs or sex organs of reproduction as the common sense of society would regard as indecent or improper.[5]

A tentative hypothesis might be that any contact between a penis and a mouth or between a tongue and a vulva is such "use" or "liberty" as the common sense of society would regard as indecent and improper. This appeared to be the view of the Supreme Court of Wisconsin as expressed on the appeal in the case of this petitioner. There it was said: " . . . [T]here can be no doubt in the minds of reasonable persons that [fellatio and cunnilingus] constitute acts of sex perversion and are clearly within the meaning of indecent use and liberty of the sex organs." 53 Wis. 2d 699, 702, 193 N.W.2d 851, 854 (1972).

However, ten months later in Jones v. State, 55 Wis.2d 742, 200 N.W.2d 587 (1972), involving a conviction on three counts under Sec. 944.17(1) (which forbids an "abnormal act of sexual gratification involving the sex organ of one person and the mouth or anus of anoth-

---

2. In her testimony as to both counts two and four, the stepdaughter used the words "sex organ." The inference is clear that she meant "penis."

3. I note that § 944.11(2) refers to "indecent liberties with the privates"; that § 944.11(3) refers to "indecent use of his own privates"; but that model instructions numbered 1527 (with respect to subsection (2)) and 1528 (with respect to subsection (3)) both refer to "indecent liberties" and not to "indecent use." I infer that the instructions equate "liberties with" and "use of."

4. In her testimony as to count three, the stepdaughter used the words "sex organ." The inference is clear that she meant "vulva."

5. The statutory subsections say "privates," not "genital organs or sex organs of reproduction." This articulation appears only in the form instructions promulgated by the Wisconsin Board of Criminal Court Judges, not by the Wisconsin Supreme Court. It is a question whether the Board's construction is authoritative for the purpose of a challenge to the constitutionality of the statute, but I make this assumption favorably to the respondent.

er") in response to a contention that the statute should be invalidated because married persons could be prosecuted under it for consensual sexual intimacies, the Supreme Court stated (at 748, 200 N.W.2d at 591):

> "It is beyond reasonable argument to claim that sec. 944.17(1), Stats., was enacted to control or prohibit the consensual and private sexual intimacies of married persons. No citation of authority has been given us which shows a conviction or even a prosecution of married persons under this or a similar statute in this state or elsewhere. We cannot believe this statute can or will be used to threaten or prosecute married couples in violation of their rights of privacy."

The court emphasized that the conduct of the defendant Jones had not been private (it occurred in a jail cell, at least twice in the presence of at least one additional person), not consensual (the victim had been beaten, threatened, and put in fear), and not marital (the defendant and victim were male). The court concluded that one should not be allowed to escape conviction for such behavior by reference to the rights of privacy of married couples.

*Jones* involved a section of the statutes (sec. 944.17(1), captioned "perversion") other than the sections involved in the present case. Also, as I have said, in an attack upon the vagueness of a statute, neither Jones in his case, nor petitioner in the present case, is entitled to escape conviction because the respective statutes might be invalid as applied to other conduct, such as sexual activity between spouses.

■ The point, however, is that the implication of the opinion in Jones v. State is clear: viewed entirely independently of the circumstances in which it occurs, the court was unwilling to say that an act of sexual gratification in-

volving the sex organ of one person and the mouth of another is always "abnormal." If the court was unwilling to reach this conclusion, it would be unreasonable to conclude that viewed entirely independently of the circumstances in which it occurs, such an act is always regarded as "indecent and improper" by "the common sense of society." I conclude that this petitioner was not fairly warned by Secs. 944.11(2) and (3) that every such act, wherever and whenever and however it occurs, is a crime if one of the participants is under 18.[6]

■ Nevertheless, it would be strained indeed to suggest that under the particular circumstances surrounding the case of this petitioner and his stepdaughter, "the common sense of society" would not regard the acts of fellatio and cunnilingus as "indecent and improper." But to determine precisely why is not so easy. The relative ages of the petitioner and the stepdaughter are certainly a factor. The relationship between the stepdaughter and her mother's then husband is another.

It could hardly be thought that a person under 18 can never give true consent to sexual activity with another. But it could reasonably be thought that the quality of the consent is likely to be imperfect in a situation in which the consenting young woman is 16 or 17, in which the male is 45 or 46, and in a constellation in which from day to day the role of the young woman is the role of the child and the role of the male is the role of the father, although this may not describe the legal relationship. The jury was ultimately to find that in this particular situation the acts of fellatio and cunnilingus would be regarded as indecent and improper by the common sense of society. I conclude that in the particular situation, had a reasonable person been consciously aware of Sec. 944.11(2) and (3), as authoritatively

---

6. Females under 18 are capable in law of contracting marriage if otherwise competent. Wis. Stat., Sec. 245.02(1).

construed, it would have been reasonably clear to him that the acts of fellatio and cunnilingus would be regarded as indecent and improper by the common sense of society. I conclude that such a person would have been fairly warned, and that as applied to him the statutes were not unconstitutionally vague.

The wholly unnecessary difficulty presented by this case prompts me to comment that legislators should say what they mean. There is no reason why a criminal statute should not describe in clear language the kinds of sexual activity which are to be prohibited. The parts of the anatomy, male and female, have names. The forms of sexual activity in which these various anatomical parts are employed also have names. The number of combinations and permutations is finite—somewhat ludicrously so, some think. The ages of human beings are objectively measurable. Family relationships are describable. Under these circumstances it is absurd for legislators to continue to use words like "privates," "indecent liberties," "such liberties as the common sense of society would regard as indecent and improper," and hardly less so to use terms like "genital organs" and "sex organs of reproduction." Also, it seems doubtful that the legislature intended to damn with equal fervor certain specific sexual acts, whether the participants are 17 and 18 or the participants are 16 and 45, whether they are married or unmarried to one another, and whether there is or is not some relationship between them by blood or marriage. The validity of the imprisonment of a potential defendant should not be consigned to a legal limbo because the legislature is unable to bring itself to employ explicit language.

### Order

Upon the basis of the entire record, the petition for habeas corpus is hereby dismissed.