SWIKERT, Plaintiff in error, v. STATE, Defendant in error.
MARMON, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 152, 153. Submitted under sec. (Rule) 251.54 October 3,*
*1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 515.)

For the plaintiffs in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

PER CURIAM. The plaintiffs in error contend the evidence presented to the jury was insufficient to support their convictions for rape and sexual perversion. This court has often said the question of the credibility of witnesses and the weight of the evidence is for the trier of fact to determine. *Bautista v. State* (1971), 53 Wis. 2d 218, 191 N. W. 2d 725; *Brown v. State* (1973), 59 Wis. 2d 200, 207 N. W. 2d 602. After reviewing the evidence in the light most favorable to the conviction, the court concludes the testimony of the victim was not inherently incredible and that the evidence presented was sufficient that the jury could be convinced of the plaintiffs' in error guilt, beyond a reasonable doubt.

The plaintiffs' in error contention that the statute proscribing sexual perversion, sec. 944.17, Stats., is unconstitutionally vague and overly broad, has been answered by this court in *Jones v. State* (1972), 55 Wis. 2d 742, 200 N. W. 2d 587.

The judgments are affirmed.