Stephen **SWIKERT**, Petitioner,

v.

Elmer O. **CADY**, Respondent.

Tony **MARMON**, Petitioner,

v.

Elmer O. **CADY**, Respondent.

Nos. 74–C–185 and 74–C–186.

United States District Court,
E. D. Wisconsin.

Aug. 28, 1974.

Samson, Friebert, Sutton & Finerty by Thomas W. St. John, Milwaukee, Wis., for petitioner.

Robert W. Warren, Wis. Atty. Gen., by William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On January 22, 1973, the petitioners were convicted of the crimes of rape and sexual perversion. Their convictions were affirmed by the Wisconsin supreme court in Swikert v. State, 60 Wis.2d 772, 211 N.W.2d 515 (1973). They now seek, by way of habeas corpus, to have their convictions under the Wisconsin sexual perversion statute, § 944.17(1), Wis.Stats. (1971), set aside on the grounds that such statute is impermissibly vague and overbroad. Section 944.17 provides as follows:

"Sexual perversion. Whoever does either of the following may be fined not more than $500 or imprisoned not more than 5 years or both:

"(1) Commits an abnormal act of sexual gratification involving a sex organ of one person and the mouth or anus of another; or

"(2) Commits an act of sexual gratification involving his sex organ and the sex organ, mouth or anus of an animal."

With respect to their claims of vagueness and overbreadth, the petitioners attach significance to the fact that while the somewhat nebulous term "abnormal" describes the conduct listed at subsection (1), it is not found at subsection (2). They therefore suggest that while all

conduct described at subsection (2) is proscribed, only those acts listed at subsection (1) which qualify as "abnormal" are illegal. The petitioners were convicted under subsection (1).

In addition, the petitioners urge that the statute interferes with what they claim is the "fundamental right" of consenting adults, married or unmarried, heterosexual or homosexual, to engage, in private, in the type of sexual "expression" described therein.

Even if it may reasonably be contended that the challenged statute is operative in the area of first amendment freedoms—and, however characterized, the conduct described in the challenged statute is a far cry from "pure speech" —I conclude that application of the overbreadth doctrine is inappropriate here. In Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), the United States Supreme Court stated: "Application of the overbreadth doctrine . . . is, manifestly, strong medicine. It has been employed by the Court sparingly and only as a last resort." 413 U.S. at 613, 93 S.Ct. at 2916. The Court also commented, at p. 610, 93 S.Ct. at p. 2915, as follows:

> "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."

Similarly, it appears that traditional rules should ordinarily apply to a challenge based on grounds of vagueness. As the Supreme Court noted recently in Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974), "[t]o be sure there are statutes that by their terms or as authoritatively construed apply without question to certain activities, but whose application to other behavior is uncertain. The hard-core violator concept makes some sense with regard to such statutes." Since the Su-

preme Court prefaced the quoted language by defining a "hard-core violator" as one "to whom the statute was not vague, whatever its implications for those engaged in different conduct", it appears that in order for a litigant to object to the invalidity of a statute on account of vagueness, he must allege that the statute was vague as to his conduct. See United States v. Ramsey, 503 F.2d 524 (7th Cir., 1974).

In Driscoll v. Schmidt, 354 F.Supp. 1225, 1229 (W.D.Wis.1973), a case involving circumstances and issues similar to those presented here, the court said:

> "In applying [the vagueness] test, I may not consider possible applications of these sections to hypothetical situations, but may consider only whether this petitioner could reasonably have understood, at the time he contemplated the particular conduct in which he allegedly engaged, that such particular conduct was proscribed by the statute."

The conduct for which the petitioners were convicted was not consensual. Indeed, as their counsel suggests, it constituted "a grievous act upon an individual." I conclude that in this particular situation, had the petitioners been consciously aware of § 944.17(1), Wis. Stats., it would have been reasonably clear to them that the acts for which they were convicted would be regarded as proscribed conduct. Notwithstanding the teachings of such cases as Grayned v. Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), and Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), I conclude that the petitioners would have been fairly warned, and that as applied to them, the statute was not unconstitutionally vague. Under these circumstances, I need not resolve the following: (1) the significance of the presence of the term "abnormal" in § 944.17(1) as opposed to its absence in § 944.17(2); (2) the averred confusion stemming from the Wisconsin supreme court's construction of § 944.17 in Jones v. State, 55 Wis.2d 742, 200 N. W.2d 587 (1972); and (3) the hypothet-

ical application of § 944.17 to situations involving consenting adults, married or unmarried, heterosexual or homosexual, who engage in the activity described therein, in private.

Therefore, it is ordered that the petitions for habeas corpus be and hereby are dismissed.