GOSSETT, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–125–CR. Submitted on briefs May 5, 1976.—*
*Decided June 14, 1976.*
(Also reported in 242 N. W. 2d 899.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

BEILFUSS, C. J. The plaintiff in error, Mark A. Gossett (hereafter defendant), challenges his conviction

under sec. 944.17, Stats.,[1] on the ground that the statute, on its face and as applied here, violates his constitutional right to privacy. Specifically, the defendant contends that the state may not constitutionally prohibit and provide a penalty for private acts of oral sex between consenting, unmarried adults. We affirm the conviction without reaching the constitutional questions.

On July 19, 1974, a criminal complaint was issued charging the defendant with raping and committing an act of sexual perversion upon the complainant, Deborah Lynn Hart. Following the waiver of a preliminary hearing, the defendant was bound over for trial in Rock county court. The case was tried to a jury on October 9 and 10, 1974.

The complaining witness testified at the trial that on July 12, 1974, she was getting gas for her car at a filling station in Beloit when she saw another car with the defendant and several others in it. One of the other persons in the car, James Henvicks, asked Miss Hart if she wanted to go to a party. When she declined, Henvicks got into her car, pushed her over, and drove to a house in the Burwood Park section of Beloit. Once there, Henvicks took her keys and refused to return them. After attempting, unsuccessfully, for some time to recover her keys, Miss Hart was persuaded to enter the house. The defendant and several other persons were already inside.

Once inside the house, another girl, Mary Connery, accused Miss Hart of giving her boyfriend, Henvicks,

[1] "944.17 **Sexual perversion.** Whoever does either of the following may be fined not more than $500 or imprisoned not more than 5 years or both:

"(1) Commits an abnormal act of sexual gratification involving the sex organ of one person and the mouth or anus of another; or

"(2) Commits an act of sexual gratification involving his sex organ and the sex organ, mouth or anus of an animal."

gonorrhea. A fight ensued between the women which lasted about fifteen minutes. Henvicks interrupted the fight and, according to Miss Hart, the defendant cut her clothing off with a scissors. Miss Hart testified that both Henvicks and the defendant then forced her to commit an act of fellatio upon them. Each then had sexual intercourse with her, against her will. Thereafter, the defendant forced her to commit a second act of fellatio. While these acts were occurring over a period of more than two hours, there were from two to eleven other persons in the same room or in other rooms in the house.

The defendant, testifying in his own behalf, admitted that both he and Henvicks had engaged in oral intercourse with Miss Hart at the Burwood Park house on July 12, but stated no force was used and that Miss Hart was a willing partner. The defendant denied having sexual intercourse with the complainant, stating "we all knew the fact she had VD because she showed us her pills right in her purse."

The defendant also testified that Miss Hart had previously participated in an orgy which occurred in June in the town of Roscoe. That event purportedly involved voluntary sexual acts with several members of a motorcycle club variously known as the Drifters or the Hell's Henchmen. The defendant stated that he was, at the time, a member of that club. Several of the persons present in the Burwood Park house on July 12 were also members of the motorcycle club and verified the defendant's testimony concerning the prior occurrence and the activities of July 12. There was other testimony tending to indicate that the complainant had a reputation as being "easy" and that she sometimes boasted of her sexual activities with various men.

Upon this and other evidence the jury found the defendant not guilty of rape but guilty of sexual perver-

sion. By his postconviction motion the defendant sought to have the judgment of conviction set aside on the ground that this court, in *Jones v. State* (1972), 55 Wis. 2d 742, 200 N. W. 2d 587, limited the application of sec. 944.17, Stats., to nonconsensual acts. In the alternative, the defendant argued that to the extent that the statute prohibits private consensual acts of oral sex between adults, it violates the First, Fifth and Fourteenth Amendments to the United States Constitution and is therefore void on its face and as applied to him. The trial court rejected the defendant's arguments and denied the postconviction motion.

The defendant now renews the arguments made in support of his postconviction motion. The state contends that the defendant is precluded from raising these objections because he failed to request a jury instruction on the consent issue.

The defendant argues that a finding that the acts of oral sex were consensual must be implied from the fact that he was acquitted of rape, a crime requiring lack of consent, yet convicted of sexual perversion, a crime as to which no finding of force was required. As the state points out, however, the defendant testified that he had engaged in oral sex with Miss Hart and that he did not have intercourse with her. The jury could well have found that the act of sexual intercourse did not occur, thereby precluding a conviction on the charge of rape, without finding that the activities occurred with the consent of both parties. Clearly, no finding of consent may be implied from the jury's verdict.

The defendant concedes that his trial counsel failed to request either a jury instruction or a verdict question on the consent issue. Under these circumstances the defendant has waived and may not raise the consent issue

as a matter of right.[2] While this court may, in its discretion, review the questions raised, we decline to do so.

██ ██ This court recently held in *Mentek v. State* (1976), 71 Wis. 2d 799, 807, 238 N. W. 2d 752, that the decision in *Jones, supra,* "did no more than reject the contention that sec. 944.17 (1) applies to '. . . married persons [engaging in] consensual sexual intimacies conducted in private.· . . .' " The *Jones Case* is not to be read, as the court pointed out in *Mentek,* to mean that "the statute cannot be applied to the acts of married persons *or* consensual acts *or* private acts. No new elements of required proof were added to the crime." Consequently, the trial court was not obliged, by the decision in *Jones,* to instruct the jury that a conviction under sec. 944.17, Stats., must be based upon a finding of nonconsent. We decline to determine here whether such a finding is mandated by the constitution.

*By the Court.*—Judgment affirmed.

---

[2] *See: Laster v. State* (1973), 60 Wis. 2d 525, 539, 211 N. W. 2d 13; *Kimmons v. State* (1971), 51 Wis. 2d 266, 268, 186 N. W. 2d 308; *Mitchell v. State* (1970), 47 Wis. 2d 695, 700, 177 N. W. 2d 833; *State v. Schenk* (1972), 53 Wis. 2d 327, 333, 193 N. W. 2d 26.