WALWORTH COUNTY, a body corporate, Plaintiff-Respondent,

v.

Carlos TRONSHAW, Defendant-Appellant.

Court of Appeals

*No. 91–0525. Submitted on briefs October 22, 1991.—Decided November 6, 1991.*

(Also reported in 478 N.W.2d 294.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kenneth M. Wagner* of *Dade & Wagner* of Whitewater.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Dianne M. Soffa,* assistant corporation counsel.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   The trial court concluded that Carlos Tronshaw's two fences located on his two residential-zoned properties violated a Walworth county zoning ordinance's four-foot height requirement. The order appealed from is the second trial court determination that Tronshaw was in violation of the ordinance. The order required that either Tronshaw reduce the two six-foot fences to four feet or Walworth county remove

the fences. We conclude that the ordinance is neither vague nor overbroad and that the trial court did not err in finding that Tronshaw failed to comply with the earlier finding of noncompliance. Therefore, we affirm the order.

The relevant facts are undisputed. Walworth county sued Tronshaw in January 1990 for constructing two six-foot high fences in the street yard portion of his two residential-zoned properties. The street yard portion of the properties is the area within twenty-five feet of the subdivision road. The ordinance restricts the height of fences in the street yard to four feet. The parties agreed that the fences were six feet high in the street yard. The trial court concluded that the two fences were in violation of the ordinance and required Tronshaw to shorten the fences to four feet or forfeit $5000 to the county and reimburse it for removing the fences.

Tronshaw then removed and cut two feet off each fence board. The fence posts remained in the ground. His testimony and the photographs placed into evidence show that he placed a linear mound of black dirt along the area where the fences were located. He characterized this as "landscaping." He then placed the four-foot fence boards on top of the linear mound of the dirt. The wooden structure became four feet; however, the wooden structure combined with the bed of dirt became approximately five and a half feet. He then planted grass on the dirt.

In December 1990, the county brought a motion to execute the judgment allowing it to remove the fence and to collect the forfeiture because the fences continued to violate the ordinance. There was no dispute that the wooden structure measured four feet. The trial court determined that Tronshaw did not comply with the earlier judgment and the fence continued to violate the ordi-

nance. Tronshaw appeals from the December order.[1]

Tronshaw argues on appeal that the ordinance is unconstitutionally vague and overbroad because it fails to define "fence" and because it fails to explain from what point the height of the fence should be measured. The county argues that Tronshaw waived the vagueness issue when he failed to raise it before the trial court. Challenges made to the constitutionality of an ordinance on the grounds of vagueness are a matter of subject matter jurisdiction which this court has a duty to consider. *State v. Wilks,* 117 Wis. 2d 495, 505, 345 N.W.2d 498, 502–03 (Ct. App.), *aff'd,* 121 Wis. 2d 93, 358 N.W.2d 273 (1984), *cert. denied,* 471 U.S. 1067 (1985). The constitutionality of a zoning ordinance presents a question of law which this court reviews without deference to the trial court. *Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 645, 211 N.W.2d 471, 473 (1973); *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

An ordinance is presumed to be constitutional and must be sustained if at all possible. *See State v. Starks,* 51 Wis. 2d 256, 259, 186 N.W.2d 245, 246 (1971). Should any doubt exist, it must be resolved in favor of the ordinance's constitutionality. *See id.* The party attacking the ordinance must establish its invalidity beyond a reasonable doubt. *Clark Oil & Refining Corp. v. City of*

[1]The execution of the December 1990 order was stayed pending appeal to this court. Tronshaw's notice of appeal, dated March 1, 1991, states that he is appealing from the September 5, 1990 judgment and the December 13, 1990 order. The appeal is untimely as to the judgment, but timely as to the order. *See* Rule 808.04, Stats. The judgment was final and was not appealed from. We consider this appeal as being from the December order only.

*Tomah,* 30 Wis. 2d 547, 553, 141 N.W.2d 299, 302 (1966).

An ordinance is unconstitutionally vague if it fails to afford proper notice of the conduct it seeks to proscribe or if it encourages arbitrary and erratic enforcement. *City of Milwaukee v. Wilson,* 96 Wis. 2d 11, 16, 291 N.W.2d 452, 456 (1980). It is not necessary for a law to attain the precision of mathematics or science. *Id.* The test for vagueness is whether the ordinance is so obscure that a person of ordinary intelligence must necessarily guess as to its meaning and differ as to its applicability. *Id.*

We conclude that the use of the word "fence" in the ordinance is not unconstitutionally vague. When a word is undefined, nontechnical words are given their ordinary and accepted meaning which may be ascertained from a recognized dictionary. *See State v. Wittrock,* 119 Wis. 2d 664, 670, 350 N.W.2d 647, 651 (1984). "Fence" is defined as a "barrier *intended* to prevent escape or intrusion or to mark a boundary." Webster's Third New International Dictionary 837 (17th ed. 1976) (emphasis added). The definitions of "fence" are not limited to particular materials. For example, "fence" includes "something legally constituting an enclosure around land (as a bank of earth high enough to confine livestock)." *Id.*

Thus, people of ordinary intelligence can read the ordinance and determine that if they build a barrier of any material with the intent to block escape or intrusion, then they must conform the barrier to certain height restrictions. Furthermore, the ordinary and accepted meaning of "fence" does not encourage arbitrary and erratic enforcement. Therefore, the undefined use of

526

"fence" does not render the ordinance unconstitutionally vague.[2]

Tronshaw also argues that the ordinance is unconstitutionally vague because it fails to articulate from what point a fence is measured for its height. We conclude that the ordinance is not so obscure that a person of ordinary intelligence must necessarily guess as to its meaning and differ as to its applicability. The entire text of the statute or the subjects dealt with may furnish an adequate standard. *See Winters v. New York*, 333 U.S. 507, 518 (1948). We conclude that, by examining the ordinance as a whole, a reasonable person is put on notice that the standard for measuring structures, such as a fence, is found under "building height." "Building height" is determined by measuring from "the mean elevation of the finished lot grade along the street yard face of the structure." Therefore, the ordinance is not unconstitutionally vague.[3]

---

[2]Nor is the ordinance vague as applied to Tronshaw. He testified that he constructed the fence to maintain privacy. He built a barrier with the intent of blocking vision. This falls within the common and accepted definition of "fence." Furthermore, at the hearing preceding the September judgment, there was testimony that the four-foot height requirement in the street yard was intended to prevent visual obstruction for entering and leaving a driveway. He subsequently altered the fence; however, the height remained essentially the same. The first proceeding put him on notice that the height was the crucial concern and not the material used to furnish the height.

[3]Tronshaw argues that the trial court changed its definition of "fence" from the September judgment to the December order. We disagree. The definition of a "fence" was not an issue during the September judgment. Furthermore, because the parties agreed that the fence was six feet high, there was no issue regarding the point from which the height of the fence is measured.

An ordinance is unconstitutionally overbroad if its language, given its normal meaning, is so sweeping that its sanctions may be applied to conduct which the state is not permitted to regulate. *Wilson,* 96 Wis. 2d at 19, 291 N.W.2d at 457. The challenged ordinance prohibits fences more than four feet high within twenty-five feet of the subdivision road. A municipality may regulate and restrict buildings in height and size. *State ex rel. American Oil Co. v. Bessent,* 27 Wis. 2d 537, 540, 135 N.W.2d 317, 320 (1965). As long as the purpose of the ordinance is to promote health, safety, or the general welfare of the community, the municipality can regulate the height of fences. *See id.* Because the county is permitted to regulate the height of fences, the ordinance does not apply to conduct which the state is not permitted to regulate.[4]

Tronshaw testified that he built the fence to maintain privacy of his properties. Because "fence" is easily defined, it was not error for the trial court to conclude that Tronshaw's modified fences were in violation of the ordinance. Because the point of measurement is the mean elevation of the finished lot grade of the street yard, and that measurement made Tronshaw's fences five and a half feet high, the trial court did not err in

---

[4]As part of Tronshaw's overbreadth argument, he states that if the starting point to measure the height of a fence is simply "grade," residents on hills would be prohibited from constructing any type of fence but residents in valleys could construct a fence. Because the ordinance places a person on notice that the point of measurement is the mean elevation of the finished lot grade along the street yard of the structure, Tronshaw's hypothetical is baseless.

concluding that Tronshaw's fences continued to violate the ordinance.

*By the Court.*—Order affirmed.