City of Oshkosh, Plaintiff-Appellant,

v.

Joseph E. Kubiak, Defendant-Respondent.

Court of Appeals

*No. 2016AP804. Submitted on briefs November 10, 2016.
—Decided February 15, 2017.*

2017 WI App 20

(Also reported in 893 N.W.2d 271.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *David J. Praska*, assistant city attorney of Oshkosh.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Brian D. Hamill* of *Dempsey Law Firm, LLP* of Oshkosh.

Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

¶ 1. HAGEDORN, J.   The City of Oshkosh has a special events ordinance that requires an "organizer" of an event to apply for a permit and pay the City for any extraordinary services associated with that event. For several years, Joseph E. Kubiak applied for a permit and paid the required costs as the purported organizer of semi-annual gatherings called the Oshkosh Pub Crawl. However, in 2014, Kubiak refused to comply, and the City filed suit. After a bench trial, the circuit court concluded that the meaning of "organizer" was unconstitutionally vague and dismissed the suit. The City appeals and argues that the term "organizer" is not unconstitutionally vague. We agree, and reverse.

*Background*

¶ 2.   The City of Oshkosh enacted a special events ordinance (Ordinance) that took effect on January 1, 2011. One of the aims of the Ordinance was to defray

340

the extra costs—such as additional police needed for security—incurred by the City during various events. The Ordinance provides that "[n]o person or entity acting as an event organizer shall set up for, hold, or conduct a Special Event . . . without first obtaining a . . . permit." After reviewing the permit application, the City may "require that some or all of the costs incurred by the City for providing Extraordinary Services be reimbursed or that such costs will be waived." "Extraordinary Services" are defined as "reasonable and necessary services provided by the City which specifically result from the Special Event," and "which are above and beyond the normal levels of public health and safety services on a non-event day." Permit applicants have the opportunity to engage in discussions with city employees representing various departments to consider and address any issues and facilitate the planning of the event. Although the Ordinance defines many of its terms, the meaning of "organizer" is not so delineated.

¶ 3. The Oshkosh Pub Crawl is a gathering where college students walk downtown Oshkosh and patronize the local taverns. For some time, this gathering has been held consistently twice a year on the second Saturday in April and the second Saturday in October. The other specific details of this gathering, including when it began and who, if anyone, organizes it, are hotly disputed by the parties.

¶ 4. Starting in 2011, Kubiak, through Oshkosh Pub Crawl, LLC, appeared on behalf of the Pub Crawl, applied for a permit, and made the required payments for extraordinary services. However, in April 2014, Kubiak stopped paying the City for extraordinary services and no longer applied for a special event permit. In response, the City filed suit against Kubiak for failing to apply for a permit or pay for extraordinary services for the April 2014 Pub Crawl. The City

filed a second lawsuit for the October 2014 event after Kubiak similarly failed to apply for a permit, and the two suits were combined into an "amended consolidated complaint" that also alleged damages related to the April 2015 Pub Crawl. The City alleged that Kubiak was the "organizer" of the three Pub Crawls and failed to comply with the Ordinance's permitting and payment requirements.

¶ 5.   The case proceeded to a bench trial, where the City portrayed the Pub Crawl as a specific event organized by Kubiak. It maintained that Kubiak took an active role in organizing the Pub Crawl. Among other things, he worked to "brand" the event and boost attendance. He also sold t-shirts that allegedly acted as a "ticket" and served to promote the event. The City also emphasized the fact that Kubiak had previously applied for a special event permit and paid the requisite extraordinary services fee. These facts, the City stressed, showed that Kubiak was an "organizer" of the event under the Ordinance.

¶ 6.   Kubiak painted an entirely different picture. He said the event had no real "organizer" and was more of an informal gathering than a formal event. The Pub Crawl, he asserted, was started by a college club—the "Goat Pack"—in the 1990s. To the extent the Pub Crawl was an organized event, Kubiak argued he was just one of several attempting to make money by selling shirts. He explained that he only applied for permits and paid the fees in prior years in order to "work with the City."

¶ 7.   After the close of evidence, the circuit court did not appear to make any findings of fact. Nor did it decide the issue of whether Kubiak was the "organizer" of the Pub Crawl. Instead, it addressed the Ordinance's constitutionality. It noted that it was difficult

342

to determine whether Kubiak was in fact the "organizer" of the Pub Crawl. The court opined that although the definition might be clear in some circumstances, "organizer" was too indefinite to be constitutional in this case.

> I don't think that as a judge sitting here based upon the evidence I have, based on the reading of the ordinance in addition to the common meaning of organizer, that I could narrow it down enough to figure out whether [Kubiak] was or wasn't the organizer of this event, and the City has that obligation to do that so I think that this ordinance is vague . . . .
>
> . . . .
>
> I think the only thing that I can do is find it under these circumstances to be unconstitutionally vague; and, as a result, I'm going to dismiss the lawsuit.

The City now appeals.[1]

*Discussion*

■

¶ 8.  The issue before us is not whether Kubiak is the "organizer" of the Pub Crawl, but the limited question of whether the term "organizer" in the Ordinance is unconstitutionally vague. The constitutionality of an ordinance is a question of law we review de novo. *Walworth Cty. v. Tronshaw*, 165 Wis. 2d 521, 525, 478 N.W.2d 294 (Ct. App. 1991).

■

¶ 9.  An ordinance is "presumed to be constitutional and must be sustained if at all possible." *Id.* The party attacking an ordinance bears the burden of proving it is unconstitutional beyond a reasonable doubt. *Id.*

---

[1] The court also dismissed Kubiak's counterclaims which are not at issue in this appeal.

¶ 10. Procedural due process requires that an ordinance provide fair notice and proper standards for adjudication; an ordinance is vague when it fails to do so. *State v. Zwicker*, 41 Wis. 2d 497, 507, 164 N.W.2d 512 (1969) (citation omitted); *see also Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined."). The void for vagueness doctrine "incorporates the notions of fair notice or warning" and "requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.' " *State v. Princess Cinema of Milwaukee, Inc*, 96 Wis. 2d 646, 657, 292 N.W.2d 807 (1980) (citation omitted).

¶ 11. A statute or ordinance is unconstitutionally vague when it "is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability." *Zwicker*, 41 Wis. 2d at 507 (citation omitted). It is not necessary that an ordinance be written with exact precision; it will withstand a vagueness challenge if it is "sufficiently definite so that potential offenders who wish to abide by the law are able to discern when the region of proscribed conduct is neared and those who are charged either with enforcing or applying it are not relegated to creating their own standards of culpability." *City of Milwaukee v. Wilson*, 96 Wis. 2d 11, 16, 291 N.W.2d 452 (1980). "The degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498

(1982). Civil ordinances are reviewed more deferentially than criminal statutes "because the consequences of imprecision are qualitatively less severe." *Id.* at 498–99.

¶ 12. The parties agree that when reviewing an undefined, nontechnical word like "organizer," the word is to be "given [its] ordinary and accepted meaning which may be ascertained from a recognized dictionary." *Tronshaw*, 165 Wis. 2d at 526. Kubiak argues that the meaning here is too vague to satisfy due process requirements. He contends that the plain and ordinary meaning of "organizer" is extremely broad, covering anything from a formal event planner to a person who merely encourages friends to attend the event. This breadth, he claims, allowed the City to "unilaterally and arbitrarily conclude[] that Kubiak [was] the organizer of the event."

¶ 13. The term "organizer"—like most words—does not readily lend itself to distinct and definite boundaries. But as the United States Supreme Court commented, "Words inevitably contain germs of uncertainty." *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973). Such is the nature of drafting ordinances and legislation that intend to cover future unforeseen conduct. While "no vehicles in the park" may lead to debate over whether a particular contraption is a "vehicle," such applicational ambiguity does not automatically render void the proscription as a violation of a citizen's due process rights. Our "Constitution does not require, nor does the English language lend itself to, mathematical precision." *M & Z Cab Corp. v. City of Chicago*, 18 F. Supp. 2d 941, 948 (N.D. Ill. 1998).

¶ 14. The vagaries of language aside, we conclude that people of ordinary intelligence can read and sufficiently understand the requirements of the Ordinance. To "organize" means to "arrange by systematic planning and coordination of individual effort." *Organize,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1590 (1993). Other standard definitions incorporate the same concept of planning, structure, and coordination.[2] This definition does not stretch so far as to include anyone that mentions an event, encourages turnout, or profits from an event. Rather, an organizer must have some direct effect on arranging the event. It implies a level of responsibility and planning, or as one definition says, arranging "into a structured whole." *Organize,* DICTIONARY.COM, COLLINS ENGLISH DICTIONARY (2012), http://www.dictionary.com/browse/organize (last visited Jan. 19, 2017) ("to form (parts or elements of something) into a structured whole; coordinate"). The Ordinance confirms this definition. It provides that only those who "set up for, hold, or conduct a Special Event" are required to apply for a permit and pay for "Extraordinary Services." By describing the conduct of an "organizer," the Ordinance restricts its applicability to those who take an active role in the Special Event, not merely those who encourage others to attend.

---

[2] *See, e.g., Organize,* THE AMERICAN HERITAGE DICTIONARY 876 (2d ed. 1982) ("To arrange systematically for harmonious or united action"); *Organize,* DICTIONARY.COM, COLLINS ENGLISH DICTIONARY (2012), http://www.dictionary.com/browse/organize (last visited Jan. 19, 2017) ("to form (parts or elements of something) into a structured whole; coordinate"); *Organize,* MACMILLAN DICTIONARY, http://www.macmillandictionary.com/us/dictionary/american/organize (last visited Jan. 19, 2017) ("to put things into a sensible order or into a system in which all parts work well together").

¶ 15. Furthermore, counsel has pointed us to no cases, civil or criminal, that have deemed the term "organizer" unconstitutionally vague. In fact, courts have consistently held in the more exacting criminal context that "organizer" is not unconstitutionally vague. *See People v. Zaibak* 2014 IL App (1st) 123332, ¶ 38 (holding that the term "organizer" used in the phrase "organizer of continuing financial crimes enterprise" was not unconstitutionally vague); *see also United States v. Valenzuela*, 596 F.2d 1361, 1366 (9th Cir. 1979) (holding that the phrase "organizer" as used in 21 U.S.C. § 848 was not unconstitutionally vague); *United States v. Becton*, 751 F.2d 250, 257 (8th Cir. 1984) (holding the same and collecting cases).

¶ 16. It may be that whether Kubiak is an "organizer" of the Pub Crawl could be debated—even with an agreed set of facts regarding Kubiak's activities and the genesis of the Pub Crawl. Close questions regarding the application of facts to the law does not mean the law is unconstitutional. Thus, while the term "organizer" may not provide perfect clarity, it does not invite simply guesswork in enforcement and application. *See Zwicker*, 41 Wis. 2d at 507. In our judgment, the Ordinance is not unconstitutionally vague; it is "sufficiently definite so that potential offenders who wish to abide by the law are able to discern when the region of proscribed conduct is neared." *Wilson*, 96 Wis. 2d at 16.

¶ 17. Because "organizer" is not unconstitutionally vague, we must reverse the circuit court's order and remand for proceedings consistent with this opinion.

*By the Court.*—Reversed and cause remanded with directions.